## Case No. 8,551.

### LOVEJOY v. WILSON.

[1 Cranch, C. C. 102.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

WITNESS—INTERESTED IN SUBJECT — TESTIMONY UPON COLLATERAL FACTS—ASSUMPSIT—ACCOUNT —NO ACCOUNT FILED—MONEY LENT.

1. In assumpsit for goods sold and delivered, the defendant may prove a partnership between the plaintiff and the witness by the witness.

2. In a count "for sundry matters properly chargeable in account," if no account be annexed, the words which refer to an account as annexed, may be rejected; and money lent may be given in evidence upon that count.

Assumpsit, for stone and sand sold and delivered. The defendant produced Owen McGlue as a witness to prove a partnership between the witness and the plaintiff, and that this was a joint contract.

Mr. Gantt, for plaintiff, objected that the witness was interested.

THE COURT decided that he was a competent witness to prove the partnership; but should not be compelled to give evidence of payments made by the defendant during the partnership. (Quaere.)

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

One of the counts, in the case was indebitatus assumpsit, "for sundry matters properly chargeable in account as by a particular account thereof, herewith into court brought, may more fully appear." No account was filed. The plaintiff offered evidence of money lent. The defendant objected that it could not be given on that count.

KILTY, Chief Judge, was of opinion that the evidence was applicable to that count. No account being filed, the words "as by a particular account," &c., must be rejected as surplusage, and then the count will stand as a general indebitatus assumpsit "for sundry matters chargeable in account;" and money lent is a matter chargeable in account.

MARSHALL, Circuit Judge, and CRANCH, Circuit Judge, did not object.

(Quaere as to this point.)

---

## Case No. 8,552.

### LOVELL v. ALLIANCE LIFE INS. CO.

[3 Cent. Law J. 699; 6 Ins. Law J. 239.]

Circuit Court. E. D. Missouri. Oct. Term, 1876.

INSURANCE—STATEMENTS IN APPLICATION—EFFECT OF MISSOURI STATUTE AS TO MATERIALITY.

This action was brought on a policy for $10,000. The defendant answered that by the terms of the policy, the application with all the statements therein became a part of the policy, and each and every representation made in obtaining the policy were warranties, that among other representations made by the assured, he stated that neither of his parents had ever had consumption, while in truth his mother had died of that disease, and that such representation was a warranty and avoided the policy. The plaintiff demurred on the ground that the policy sued on was executed in Missouri, and after the passage of the act of March 23, 1874 (Laws 1874, p. 89), which enacts that "no misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons shall be deemed material, or under the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether it so contributed in any case, shall be a question for the jury," and that the defendant had failed to allege that the matter complained of in any way contributed to the death of the assured.

THE COURT held (1) that the application having been made in Missouri, and the policy delivered and the premium paid here, that it was a Missouri contract; (2) that the act comprehended in its term all representations made in obtaining the policy, whether they were technical representations, or warranties.

---

LOVELL (CURRY v.). See Case No. 3,496.

LOVELL (EDMONDSON v.). See Case No. 4,286.