## FLETCHER v. NEW YORK LIFE INS. CO.*

*(Circuit Court, E. D. Missouri.   September 28, 1882.)*

1. INSURANCE—CORPORATIONS—COMITY.

A foreign insurance company cannot withdraw itself from the operation of the statutes of a state in which it does business, by the insertion of clauses in its policies.

2. SAME—APPLICATION FOR INSURANCE—FRAUD.

Where, by the terms of a policy of insurance sued on, an application signed by the assured is declared to be the sole basis thereof, evidence is admissible to show that false statements contained in the application were inserted without the applicant's knowledge by an agent of defendant, and that the applicant's signature was procured by such agent by fraud.

3. PLEADING—REPLICATION—SURPLUSAGE.

Where sufficient probative facts appear, a reply is not demurrable because it also contains allegations as to mere matters of evidence.

Demurrer to Replication.

This is a suit upon a policy of insurance upon the life of C. S. Alford, deceased, by his executor, Thomas C. Fletcher.   Defendant alleges in its answer that it is a foreign corporation; that said Alford made a written application to it for insurance upon his life, and that the application was signed by him, and was attached to and made a part of said policy when issued; that said application contained two false answers to questions material as to the risk, therein printed. and the following clause, viz. :

"And I do hereby agree that the statements and representations contained in the foregoing application and declaration shall be the basis of the contract between me and the said company,—the truthfulness of which statements and representations I do hereby warrant; and that if the same, or any of them, are in any respect untrue, the policy which may be issued thereon shall be void, and all money which may have been paid on account of such insurance shall be forfeited to said company; and inasmuch as only the officers at the home office of the company in the city of New York have authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations referred to, it is expressly understood and agreed that no statements, representations, or information made or given by or to the person soliciting or taking this application for a policy, or to any other person, shall be binding on this company, or in any manner affect its rights, unless such statements, representations, or information be reduced to writing and presented to the officers of the company, at the home office, in the above application."

*Reported by B. F. Rex, Esq., of the St. Louis bar.

Plaintiff's reply consists, to a considerable extent, **of** evidentiary matter. The allegations, so far as it is deemed necessary to set them forth here, are substantially as follows, viz.: That the defendant, though a foreign corporation, was, at the time said policy was issued, authorized and licensed under the laws of Missouri to transact business in that state; that said application was taken and said policy delivered to said Alford in the city of St. Louis; that the application was taken by certain agents of defendant; that one of them read the questions therein contained, and pretended to write the applicant's answers thereto in the application; that the false answers contained in the application were not made by the applicant, but that he answered the questions to which said false answers were appended truly, and that he did not read said answers over, or have them read to him, but signed said application under the impression that his answers had been reduced to writing substantially as made. And in the second part of his reply plaintiff states that after the said application had been signed, defendant's agent took it, but that said Alford neither sent it to any officer of defendant at New York, or authorized any one else to do so; that the policy was shortly afterwards delivered to said Alford, and the premiums collected, and that he, supposing the answers in the application were taken as given, or were written to the satisfaction of defendant, did not read over the copy attached to the policy, or the policy, but was told by said agent on delivering it that it was all right, and that he was insured; that said Alford paid the annual premiums as they fell due, and that they were collected by said agent of defendant, with full knowledge of the aforesaid facts.

To the first part of said reply defendant demurred on the following grounds:

*First*, that the matters therein set forth as pleaded do not constitute a cause of action against this defendant, nor constitute in law any reply to the new matter set forth in defendant's answer; *second*, that any issuable facts in said portion of said reply contained are intermixed with statements of evidence and matters wholly irrelevant.

To the second part of said reply defendant demurred on the grounds—

*First*, that the matters therein set forth do not in law constitute any cause of action in plaintiff, nor any defense to the matters set forth and pleaded in the defendant's answer; *second*, that said part of said reply contained statements of evidence and matters wholly irrelevant.

Section 5976 of the Revised Statutes of Missouri is as follows:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

For report of charge to jury at first trial see 11 FED. REP. 377. For report of decision upon motion for a new trial see 12 FED. REP. 557.

*Carr & Reynolds,* for plaintiff.

*Overall, Judson & Tutt,* for defendant.

TREAT, D. J.    There are substantially only two questions involved: *First.* Inasmuch as the policy sued on declared that it rests on the basis of answers made to the application, and that said policy was to be issued at the home office in New York on return thereto of the application, can the plaintiff avail himself of the force of the Missouri statute? The defendant company was doing business in Missouri, with the privileges granted to it here, when said insurance was effected. It may be that the formal acceptance of the proposed contract was, by the *letter* of the contract, to be consummated in New York. The broad proposition, however, remains, no artifice to avoid which can be upheld. The statutes of Missouri, for salutary reasons, permit foreign corporations to do business in the state on prescribed conditions. If, despite such conditions, they can by the insertion of clauses in their policy withdraw themselves from the limitations of the Missouri statutes, while obtaining all the advantages of its license, then a foreign corporation can by special contract upset the statutes of the state and become exempt from the positive requirements of law. Such a proposition is not to be countenanced. The defendant corporation chose to embark in business within this state under the terms and conditions named in the statute. It could not by paper contrivances, however specious, withdraw itself from the operation of the laws, by the force of which it could alone do business within the state. To hold otherwise would be subversive of the right of a state to decide on what terms, by comity, a foreign corporation should be admitted to do business or be recognized therefor within the state jurisdiction. Each state can decide for itself whether a foreign corporation shall be recognized by it, and on what terms. Primarily, a corporation has no existence beyond the territorial limits of the state creating it, and when it undertakes business beyond it does so only by comity. The defendant corporation having been permitted to do business in Missouri under the statutes of the latter, was bound by

all the provisions of those statutes, and could not, by the insertion of any of the many clauses in its forms of application, etc., withdraw itself from the obligatory force of the statute. The contract of insurance, therefore, is a Missouri contract, and subject to the local law.

There are other questions involved in the demurrer which are of no small importance. It is averred that the answers to questions in the application were not only false, but as to matters which were so far essential to the risk as to fall within the terms of the statute; in other words, that the insured died of the very disease which he denied or concealed. If that be so, there can be no recovery. On the other hand, it is alleged that he made the fullest and most honest disclosures with respect thereto, and referred the soliciting agent to his physician for a fuller statement; that the soliciting agent, in his anxiety to secure the policy, and being acquainted with the applicant, wrote down as answers to the questions objected to, not what the applicant answered, but what he, the agent, chose to fill out, so as not to lose the risk. This involves the proposition whether, when under the terms of the policy the application is declared to be the sole basis thereof, any evidence will be heard to avoid its effect against the party's own signature.

This question is not a new one. Of course, a fraud will bind no one. Why, then, should a signature to an application of this kind procured by fraud be obligatory? It is not a question of estoppel, for an insurance company may have continued to receive premiums in ignorance of the false statement by the applicant, and therefore should not be held to a fraudulent contract, of whose fraudulent character it knew nothing.

The real question presented is whether the averments in the reply are sufficient to overcome the defense set up. We hold that if the statements of the reply are true, then the defense is overcome. If the disease mentioned was fatal, the plaintiff, even under the Missouri statute is driven to show that the answers to the application which he signed were, despite his signature, never made by him; in other words, that a fraud was perpetrated on him by the company's agent.

Analyzing the pleadings, there is room for comment as to the form thereof. The doctrine is clear that only probative or ultimate facts can be pleaded, and not mere matters of evidence. The reason is obvious. What issue shall be taken? Not on details of evidence tending to show a fact, but solely as to the existence of the probative fact itself.

With due regard to the rules of pleading, it appears that, despite surplusage, the replications must be held good, in the light of the legal rules stated, inasmuch as there can be no pleadings subsequent to the reply.

Demurrer overruled.

McCRARY, C. J., concurs.