## WALL *v.* EQUITABLE LIFE ASSUR. SOC.

### (*Circuit Court, W. D. Missouri, W. D.*    1887.)

1. LIFE INSURANCE—POLICY ISSUED IN NEW YORK—DELIVERY IN MISSOURI.
    A policy of insurance issued by a New York company to a citizen of Missouri, upon an application made in Missouri, and forwarded to the company in New York, where it is accepted, the policy drawn and signed, and returned to Missouri to be delivered to the insured, by the terms of which policy the premiums are to be paid to the company in New York, and the sum insured, when due, to be payable at the office in New York. is subject to the Missouri statutes governing policies of life insurance delivered in that state.

2. SAME—TEMPORARY INSURANCE—PAYMENT OF TWO PREMIUMS—FORFEITURE.
    Rev. St. Mo. § 5983, provides that no policy of insurance on life hereafter issued by a company authorized to do business in this state shall, after payment of two full annual premiums, be forfeited or become void by reason of non-payment of premiums, and also provides for temporary insurance.  Section 5985 provides that, upon death of the insured during the term of temporary insurance. as provided in section 5983, and where no condition of the policy is violated except non-payment of premiums, the company shall be liable for the full amount insured, as if there had been no default in payment. *Held,* that a provision in a policy which required the payment of three full annual premiums before the insured was entitled to temporary insurance is void.

Action upon a life insurance policy issued by defendant upon the life of plaintiff's husband.

Plaintiff alleges in the second count of the amended petition that the defendant is a corporation created and existing under the laws of the state of New York, and is doing business as a life insurance company in the state of Missouri, and is subject to the laws of said state; that the policy sued on was executed on the twenty-third day of December, 1880. by the defendant, and delivered to the insured, who was then and remained a resident of the state of Missouri, by the terms of which policy defendant agreed to pay this plaintiff, within 60 days after proof of death, to be furnished defendant at its office in New York, $5,000; that the insured paid the annual premiums for the years 1881 and 1882, when due, in addition to the premium paid at the time of issuing the policy, making three full annual payments of premiums; that by virtue of these payments the said policy, on the fifteenth day of December, 1883, had acquired a net value and was worth the sum of $161.05, computed upon the American table of mortality; that neither the insured nor the plaintiff was indebted to defendant at that time for unpaid premiums, or on any other account; that the insured at that time was 39 years old; that three-fourths of such net value of said policy, applied and taken as a net single premium for temporary insurance for the amount written in the

policy, entitled said insured to a temporary insurance for said amount for a term expiring August 30, 1886; and that said policy was, by reason of the premises and the provisions of the statutes of Missouri, kept and continued in full force and effect until said August 30, 1886. The insured died January 21, 1884. Plaintiff asks judgment for said sum of $5,000, and interest.

Defendant, for answer to the second count of the amended petition, alleges that the policy sued on was executed for the defendant at its office in New York; that the premiums were payable there, it being, however, provided in the policy that at the pleasure of defendant suitable persons might be authorized to receive such payments, but only on production of the company's receipts therefor signed by the New York officers; that the loss in case of death was to be paid at the New York office.

And defendant avers (1) that, by reason of the contract being so by it executed, and so by it performed in the state of New York, it was a contract under, and to be construed and governed by, the laws of New York, and not by the laws of any other state, and that defendant's obligation was not within the purview of any law of Missouri touching policies of insurance, nor subject to be modified or affected thereby; (2) that, in the application for insurance, the insured, in consideration of the agreements in the policy, thereby applied for, (being the agreement in said policy providing for paid-up insurance in the event of the surrender of the policy at certain periods and under certain conditions specified,) waived and relinquished all right or claim to any other surrender value than so provided, whether required by a statute of any state or not.

Defendant further states that the said agreement last above mentioned and contained in said policy, and in consideration of which agreement said Samuel E. Wall so waived and relinquished as aforesaid all right or claim to any other surrender value than that so provided, was in the words following, to-wit:

"And further, that if premiums upon this policy, for not less than three complete years of assurance, shall have been duly received by said society, and this policy should thereafter become void in consequence of default in payment of a subsequent premium, said society will issue, in lieu of such policy, a new paid-up policy, without participation in profits, in favor of said Alice L. Wall, if living, and if not living, to the children of said Samuel E. Wall, or their guardian, for their use; or, if there be no children surviving, then to the executors, administrators, or assigns of said Samuel E. Wall, for the entire amount which the full reserve on this policy, according to the present legal standard of the state of New York, will then purchase as a single premium, calculated by the regular table for single premium policies, now published and in use by the society: provided, however, that this policy shall be surrendered, duly receipted, within six months of the date of default in payment of premium as mentioned above."

And defendant avers that even if said policy of insurance and this defendant's contract therein or obligation thereunder had otherwise been within the purview of or subject to be modified or affected by any provision of any law of the state of Missouri touching policies of insurance on life, which defendant denies, yet, by reason of the premises, the plain-

tiff is estopped from claiming the benefit of any provision of any law of the state of Missouri, if any such there be, for any other or different surrender value or upon any other or different conditions from those in said policy stipulated for as above set forth; and further avers that said policy of insurance has never been surrendered or offered to be surrendered to this defendant.

The plaintiff moved to strike out so much of the answer to the amended petition as is set out above, on the grounds, viz., that the matter No. 1 is a mere conclusion of law, and incorrect,—as, upon the allegations of the petition and the admissions in the answer, the policy sued on was subject to the provisions of the Missouri statutes; that the alleged waiver set out is void because contrary to public policy and the laws of this state, and declared null and void by the statutes of this state.

*Karnes & Kranthoft*, for plaintiff.

*Hitchcock, Madill & Finkelnburg*, for defendant.

BREWER, J. This case is submitted on a motion to strike out parts of the answer. Involved in this motion are two questions: *First,* is the contract sued on governed and to be construed by the laws of the state of New York or by the laws of the state of Missouri? *Second,* if subject to the laws of Missouri, is the stipulation in respect to forfeiture legal and binding as a waiver of the provisions of the Missouri statutes? In respect to the first question, these, I think, must be taken as the accepted facts: The defendant is a New York corporation doing business in the state of Missouri; the insured was a citizen and resident of Missouri, and made his application here, which was forwarded to New York; the application was accepted, the policy fully prepared and signed in that state, and sent to Missouri, and delivered to the applicant here. By the terms of the policy, all premiums are payable at the defendant's office in New York. If the sum insured should become payable, the payment is to be made at its office in New York. None of the terms of the policy can be modified except by one of the four general officers of the society, and no modification is claimed. Under these facts I have little doubt as to the true answer to be made to this first question. In *White* v. *Insurance Co.*, 4 Dill. 177, it was held that the act of the legislature of the state of Missouri of March 23, 1874, in respect to policies of life insurance, extends to all policies delivered in this state after the act went into effect. That was a suit against a foreign insurance company doing business in this state. In *Fletcher* v. *Insurance Co.*, 13 Fed. Rep. 526, it was held that a foreign insurance company cannot withdraw itself from the operation of the statutes of a state in which it does business, by the insertion of clauses in its policies. That was a case in which the defendant company insisted that, by virtue of certain clauses in the application, the contract was to be finally and fully executed in New York. In his opinion, an opinion concurred in by Circuit Judge McCRARY, Judge TREAT uses this language:

"The defendant corporation, having been permitted to do business in Missouri under the statutes of the latter, was bound by all the provisions of those

statutes, and could not, by the insertion of any of the many clauses of its forms of application, etc., withdraw itself from the obligatory force of the statute. The contract of insurance, therefore, is a Missouri contract, and subject to the local law."

This case was taken to the supreme court of the United States and is reported in 117 U. S. 519, 6 Sup. Ct. Rep. 837. The case was there decided upon a different question, but in the statement of facts, which, as it appears, was prepared by the justice writing the opinion, is this language:

"The company is a corporation under the laws of New York, but it also transacts business in Missouri, through agents residing there, and, *of course*, with reference to the business done in that state, is subject to its laws."

In view of these authorities, and considering the reasoning of Judge TREAT in the opinion above referred to, I deem it unnecessary to discuss this question further, and simply hold that the Missouri statute controls. See, also, *Ehrman* v. *Insurance Co.*, 1 McCrary, 123, 1 Fed. Rep. 471; *In re Insurance Co.*, 22 Fed. Rep. 109; *Paul* v. *Virginia*, 8 Wall. 168.

In respect to the second question, the following are the two sections of the statutes which are applicable:

Section 5983, 2 Rev. St. "No policy of insurance on life hereafter issued by any life insurance company authorized to do business in this state, on and after the first day of August, A. D. 1879, shall, after payment upon it of two full annual premiums, be forfeited or become void, by reason of the non-payment of premium thereon, but it shall be subject to the following rules of commutation, to-wit:" [Then follows a statement of the mode of computing the amount payable in such case.]

Section 5985. "If the death of the insured occur within the term of temporary insurance covered by the value of the policy as determined in section five thousand nine hundred and eighty-three, and if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of the premium, anything in the policy to the contrary notwithstanding."

Now, in the policy sued on there is a non-forfeiture clause, but containing a different provision, and it is alleged that in the application the insured waived and relinquished all right or claim to any other surrender value than that provided in the policy, whether required by the statute of the state or not. This is the doubtful question. It is strenuously insisted by the defendant that the statute of Missouri neither forbids, nor declares null, nor makes anywise illegal, such a waiver as the one in question; that it merely gives a right or privilege to the insured which, like any other personal right or privilege, he may for sufficient consideration waive, and that such a waiver, not being forbidden by the statute, is not contrary to public policy in any such sense as that the courts should refuse to enforce it. Back of this argument and strongly supporting it is that liberty of contract which courts are so strenuous to uphold.

While I am constrained to hold adversely to the defendant, it is with grave doubts as to the correctness of my conclusion. In the first place, a technical argument can be made on the language of the statute. It

says the value of the policy *shall* be determined in a certain way, and then that, if the death of the insured occur during the term of temporary insurance covered by the value of the policy thus determined, the company *shall* be bound to pay the amount of the policy, "anything in the policy to the contrary notwithstanding." This language is broad enough to include a waiver, and may be construed as meaning that no stipulation, no waiver, no agreement for a different forfeiture,—in fact nothing that a party can put into a policy,—shall defeat the right to recover the full amount, if death occurs during this time of temporary insurance. Of course, this is a purely technical construction of the statute, and I am disposed to rest my conclusion more upon the matter of public policy. And here the history of insurance must be taken into consideration. It is notorious that many insurance companies were rigorous in insisting upon forfeitures, sometimes under very inequitable circumstances, and there was no little public clamor by reason thereof. Such clamor prompted many legislatures to interfere, and to seek by legislation to protect what they supposed the rights of the insured. Such seems to have been the thought of the Missouri legislature, and it evidently intended by its legislation to provide a fixed and absolute rule applicable to all cases,—absolute and universal, because if it applied only in cases in which the policies were silent, or if it could be waived or changed, a child can see that it would protect only so far as the insurance companies were willing. So, although no words of penalty are attached, no express denial of the right to waive, in fact no words of negation in any direction, yet it seems to me fair to say that the affirmative language of this statute discloses a public policy which no court ought to question or refuse to enforce. *Railway Co.* v. *Peavey*, 29 Kan. 169. The legislature has by this language declared a rule in respect to forfeitures in life insurance policies; it has thus established the policy which it believes should obtain in this state, and, though sitting on the federal bench, it is my duty to administer the laws of this state in the spirit in which they were enacted, and to uphold both their letter and their spirit. It is voluntary with any foreign insurance company whether it shall come into this state to transact business; coming in, it should be willing to comply with all the statutes as to all business arising within this state, and no court, least of all a federal court, should hasten to release it from this obligation. From these views and with this feeling, I am constrained, though with grave doubts, to sustain the motion to strike out.