### PENDLETON v. GREAT SOUTHERN LIFE INS. CO. et al.

No. 18867. Opinion Filed Jan. 22, 1929.

Cargill, Whiteside & Snodgrass, for plaintiff in error.

Weeks, Morrow, Francis & Hankerson, Neil Powers, and Robinson & Oden, for defendant in error Jasper Pendleton, Adm'r.

ANDREWS, J. The plaintiff in error instituted this action, as plaintiff below, against the Great Southern Life Insurance Company, a corporation, and Jasper Pendleton, as administrator of the estate of Clifford F. Pendleton, deceased, in the district court of Jackson county, Okla., to recover the proceeds of the life insurance policy issued by the Oklahoma National Life Insurance Company on the life of Clifford Flora Pendleton, he being the same person as Clifford F. Pendleton.

Clifford F. Pendleton made application for a life insurance policy to the Oklahoma National Life Insurance Company, which was an Oklahoma corporation. He was a resident of Jackson county, Okla., and he named in the application as beneficiary his wife, Ruby Pendleton, who was a resident of Jackson county, Okla. Under the terms the application and policy were to be considered together as one instrument, and the policy became effectual upon its actual delivery to the insured. It was payable at the home office of the company at Oklahoma City. Thereafter, the Great Southern Life Insurance Company assumed, reinsured, and agreed to pay all of the outstanding policy obligations of the Oklahoma National Life Insurance Company, including this one.

This insurance policy provided that the insured might change any designated beneficiary at any time during the continuance of the policy, provided that it was not then assigned, by filing with the company a written request accompanied by the policy, such change to take effect upon the indorsement of the same on the policy by the company, whereupon all interests of the former beneficiary should cease. The insured wrote the Great Southern Life Insurance Company at Houston, Tex., asking that the beneficiary in the policy be changed from Ruby Pendleton, wife, to Lucille Pendleton, wife, and this change was indorsed on the policy by the Great Southern Life Insurance Company at its office in Houston, Tex.

Thereafter a divorce decree was granted to Lucille Pendleton from Clifford F. Pendleton, by the district court of Jackson, county, Okla., and after the expiration of six months from the date of the divorce decree the said Clifford F. Pendleton died leaving the insurance policy in full force and effect, and the amount due thereunder is $2,038.23.

The Great Southern Life Insurance Company admitted its indebtedness under the policy and alleged that the same was claimed by the plaintiff, Lucille Pendleton, and by the defendant Jasper Pendleton, administrator of the estate of Clifford F. Pendleton, deceased, and offered to pay the money to whomsoever the court should find was entitled thereto. The trial court rendered judgment that the Great Southern Life Insurance Company pay the amount due as aforesaid to the court clerk of Jackson county, Okla., and the payment was made thereunder for the use and benefit of whomsoever should be entitled thereto under the order of the district court of Jackson county, Okla. No appeal was taken from that judgment, and the sum of $2,038.23 is now in the hands of the court clerk of Jackson county, Okla., subject to the disposition of this cause.

The defendant in error Jasper Pendleton, administrator of the estate of Clifford F. Pendleton, deceased, defended the action and contended:

"First: The designation of Lucille Pendleton as beneficiary under the policy having taken effect in the state of Texas, her rights as such beneficiary are determinable by the laws of the state of Texas."

"Second: The rights of Lucille Pendleton under the policy are determined by the laws of the state of Texas and termination of the relation of husband and wife as between Clifford Flora Pendleton and Lucille Pendleton terminated the insurable interest which Lucille Pendleton had in the life of Clifford Pendleton."

To these contentions the plaintiff replied: First, that the policy constitutes an Okla-

homa contract and her rights are determinable by the laws of the state of Oklahoma; and, second, that the decree of divorce, based upon a petition which did not state a cause of action, was void and the marriage relation never terminated thereby.

The trial court made findings of fact and conclusions of law by which the court concluded that the contract of insurance and the change in the beneficiary from Ruby Pendleton to Lucille Pendleton created and constituted said policy a Texas contract, and that under the laws of the state of Texas, upon the granting of an absolute divorce, the rights of the husband or wife to recover as beneficiary under the insurance policy ceased, and that the funds due under the insurance policy reverted to the estate of the deceased. The court further concluded that the divorce was valid, binding, and existing and not void, and judgment was rendered directing the payment of the sum of $2,038.23 by the court clerk of Jackson county to Jasper Pendleton, as administrator of the estate of Clifford F. Pendleton, deceased.

From this judgment the plaintiff perfected her appeal, and alleged as error:

"First: Error of the court in overruling motion for new trial of the plaintiff in error.

"Second: Said court erred in not rendering judgment for the plaintiff in error upon the facts found by the court.

"Third: The court erred in his conclusions of law, which were duly excepted to at the time by the plaintiff"

—and supported the appeal by her brief, in which she sets out her views upon two propositions as follows:

"First: That the court erred in his conclusions of law that the contract herein was a Texas contract and should be construed under the laws of the state of Texas.

"Second: That the court erred in finding that the plaintiff had been legally divorced from the deceased, Clifford F. Pendleton."

To these two propositions the defendant in error Jasper Pendleton, administrator of the estate of Clifford F. Pendleton, deceased, alleged two counter propositions, as follows:

"Counter Proposition No. 1.

"The designation of Lucille Pendleton as beneficiary under the policy having taken effect in the state of Texas, her rights as such beneficiary are determinable by the laws of the state of Texas.

"Counter Proposition No. 2.

"The rights of Lucille Pendleton under the policy are determined by the laws of the state of Texas, and determination of the relation of husband and wife as between Clifford Flora Pendleton and Lucille Pendleton terminated the insurable interest which Lucille Pendleton had in the life of Clifford F. Pendleton."

The plaintiff in error contends:

"That the second proposition is really unnecessary to be passed upon by this court, for under the law as existing in Oklahoma and as established by the statutes which guide our courts, the fact that the former wife may have been divorced is immaterial so long as the contract remained in force and effect and she had not been changed from the beneficiary designated therein."

With this contention we agree, as the rights of the parties in this litigation are determinable by a settlement of the first proposition of the plaintiff in error. For that reason, we decline to pass upon the sufficiency of the divorce petition or the effect of the judgment of divorce by the district court of Jackson county, Okla.

In the case of Pacific Mutual Life Ins. Co. of California v. O'Neil, 36 Okla. 792, 130 Pac. 270, this court said:

"The relations of the parties were not immoral; and, while the insured perhaps owed to his divorced wife no legal obligation, yet from their past relations and from the new relations assumed there was a strong moral obligation of support resting upon the insured."

In the case of Continental Casualty Co. v. Owen, 38 Okla. 107, 131 Pac. 1084, the court said:

"In Keatley v. Insurance Co., 187 Pa. 197, 40 Atl. 808, where it was attempted to evade the provisions of the Pennsylvania act by reciting in the policy that the contract should be construed by the laws of Connecticut, the court held that such an agreement was against public policy, and that the contract must be governed by the Pennsylvania act. This doctrine was approved in McClain v. Provident Savings Life Assurance Society, 110 Fed. 80, 49 C. C. A. 31. In Dolan v. Mutual Reserve Fund Life Ass'n, 173 Mass. 197, 53 N. E. 398, the court held that where parties are contracting within the commonwealth in regard to a matter which without their contract would plainly be governed by the laws of the state, enacted on the grounds of public policy, it is at least doubtful whether they can be permitted to nullify those laws by a stipulation that the contract shall be governed by the

laws of another state. To the same effect are Insurance Co. v. Sickles, 23 Ohio Cir. Ct. R. 594; Fidelity Mut. Life Ass'n v. Jeffords, 107 Fed. 402, 46 C. C. A. 377, 53 L. R. A. 193, and Fletcher v. New York Life Ins. Co. (C. C.) 13 Fed. 526. In Equitable Life Assurance Soc. v. Clements, supra, affirming Wall v. Equitable Life Assur. Soc. (C. C.) 32 Fed. 273, it was held that where the insured was a resident of Missouri, and the application for the policy was signed there, the policy being delivered and the premiums paid in Missouri, the policy is a' Missouri contract and governed by the laws of that state, though the insurer was a New York corporation doing business in Missouri, and the policies were executed in New York. To the same effect are Lovell v. Alliance Life Ins. Co., 15 Fed. Cas. 1000, and Fidelity Mut. Life Ass'n v. Jeffords, 107 Fed. 402, 46 C. C. A. 377, 53 L. R. A. 193."

"A married woman named as beneficiary in an ordinary life insurance policy on the life of her husband is entitled to the proceeds, notwithstanding that she had obtained a divorce before insured's death." Cooley on Insurance, 1895, vol. 4, p. 3736.

In the instant case the insured was a resident of this state and the policy was signed, delivered, and premiums paid in this state up to the time of the contract of re-insurance, after which the premiums were paid at Houston, Tex.

This constituted the policy an Oklahoma contract and the same is thereby construed according to the laws of Oklahoma. The fact that the beneficiary was changed does not constitute a new contract, and the act of changing the beneficiary is only the carrying out of one of the provisions of the contract. The Oklahoma National Life Insurance Company agreed to pay the amount of the policy to the beneficiary named in the policy or to such other beneficiary as the insured would thereafter name and designate in the manner provided by the policy. The changing of the beneficiary at Houston, Tex., is nothing more than the performance of one of the things that the Oklahoma National Life Insurance Company, in its policy, agreed to do upon request.

The fact that the beneficiary named in the policy at the time of the death of the insured had been divorced from the insured did not deprive the beneficiary of her rights under the policy.

We think the trial court was in error in holding that the contract should be construed by the laws of the state of Texas, and for that reason the judgment is reversed and the cause is remanded to the district court of Jackson county, Okla., with instructions to render judgment in favor of the plaintiff in error, Lucille Pendleton, and against the defendant in error Jasper Pendleton, administrator of the estate of Clifford F. Pendleton, deceased, and directing the court clerk of Jackson county, Okla., to pay to the plaintiff in error the sum of $2,038.23 now in the possession of the court clerk of Jackson county, Okla., and that the defendant in error, Jasper Pendleton, as administrator of the estate of Clifford F. Pendleton, deceased, pay the costs of this action.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur. CULLISON, J., absent.

Note.—See under (1) anno. 39 L. R. A. (N. S.) 370, L. R. A. 1915D, 130; 14 R. C. L. p. 1380; 3 R. C. L. Supp. p. 395. (3) anno. L. R. A. 1915A, 581; 14 R. C. L. p. 1391; 3 R. C. L. Supp. p. 394; 4 R. C. L. Supp. p. 969; 5 R. C. L. Supp. p. 818; 6 R. C. L. Supp. p. 891; 7 R. C. L. Supp. p. 496. See "Insurance," 32 C. J. §7, p. 977, n. 46; "Life Insurance," 37 C. J. §326, p. 568, n. 30.