## BAIRD v. WAINWRIGHT et al.
### No. 35452.

Supreme Court of Oklahoma.
June 23, 1953.

Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for plaintiff in error.

Garnett & Garnett, Oklahoma City, for defendant in error.

O'NEAL, Justice.

This action was brought by Manila M. Wainwright against George L. Baird, administrator of the estate of E. K. Mabry, deceased, and The Liberty National Bank of Oklahoma City, Oklahoma, to recover from the defendant, George L. Baird, as administrator of the estate of E. K. Mabry, deceased, the sum of $11,423.21, and for a judgment requiring The Liberty National Bank to pay plaintiff said sum now held by the Bank in escrow. From the judgment for the plaintiff, the defendant, George L. Baird, administrator of the estate of E. K. Mabry, deceased, appeals.

The defendant, The Liberty National Bank, filed no motion for a new trial, nor has it perfected an appeal.

A loose truncated statement of the facts will sufficiently present the question of law posed for our decision. Manila Mabry and E. K. Mabry were husband and wife for some twenty years prior to the year 1947. On April 7, 1947, Mrs. Mabry obtained a decree of divorce from E. K. Mabry. The decree provided for a division of the community property acquired during coverture. Among other provisions, the decree set over to Dr. Mabry a policy of insurance valued at $10,700, the proceeds of which are here in dispute.

Subsequent to the entry of the decree, and on June 5, 1947, the trial court undertook to reshape, modify and correct the divorce decree entered on April 7, 1947. Mrs. Mabry appealed from the court's judgment of June 5, 1947, to this court. Mabry v. Baird, 203 Okl. 212, 219 P.2d 234. We reversed, holding that the judgment of April 7, 1947, was a final judgment and not subject by order nunc pro tunc to render another and different judgment. Our mandate directed the trial court to vacate its judgment of June 5, 1947, and enter a judgment nunc pro tunc as pronounced by the trial court in its decree of April 7, 1947. The trial court complied with said mandate, under date of September 1, 1950. The judgment entered as of September 1, 1950, in paragraph eight of the Journal Entry, set over to Dr. Mabry a paid up policy of life insurance on the life of Dr. Mabry (Policy No. 10743107) issued by the New York Life Insurance Company, of the face value of $10,000, and interest and earnings of the sum of $700. Dr. Mabry died one month after the original decree of divorce was granted. Mrs. Mabry, by re-marriage, is now Manila M. Wainwright. On November 4, 1950, she brought the present action in which she pleaded that the New York Life Insurance Company in 1929 issued its life insurance policy to Dr. Mabry, in which she was named the beneficiary. The policy provided that at its maturity Dr. Mabry would receive $100 per month and at his death any residue would be paid to the beneficiary therein named. This policy matured in June, 1945,

and was thereupon converted into an annuity certificate which provided for the payment of $100.20 to Dr. Mabry during his lifetime and if the monthly payments did not equal the face value of the certificate the balance in excess of the total amount of the monthly payments would be paid to the beneficiary therein named, or to his personal representative.

The Policy No. 10743107 having matured as an endowment, the insured, Dr. Mabry, elected to receive the monthly payments in lieu of a cash payment of $13,727.81, and thereupon surrendered the policy and the insurer issued the annuity certificate No. 507402 to Dr. Mabry. The annuity certificate bears an endorsement designating Manila M. Mabry, his then wife, as his beneficiary, if living, otherwise his mother or brother and nephews, naming them.

Pending the appeal in Mabry v. Baird, supra, Mrs. Mabry and the administrator of the estate of Dr. Mabry, deceased, entered into a letter agreement, dated August 13, 1947, under which the administrator delivered the annuity certificate to Mrs. Mabry, for the purpose of making proof of death and executing proper papers whereby the proceeds of the annuity certificate might be converted into money and deposited with The Liberty National Bank of Oklahoma City, Oklahoma, to be held in escrow to await the final determination of the ownership of the proceeds of said certificate. Upon proof of death, the insurance company paid Mrs. Mabry the sum due under the annuity certificate, as the named beneficiary therein, which money was deposited in the Bank under the letter agreement referred to. On October 8, 1947, Mrs. Mabry and the administrator entered into an escrow agreement in which the form of the deposit in The Liberty National Bank from a special account was changed to an escrow account.

The administrator assumes the position that under the decree of divorce the policy of insurance converted to an annuity certificate was set over to Dr. Mabry, and that the amount due thereunder was an asset of the estate of the deceased, and that Mrs. Mabry, although the named beneficiary therein, was not entitled to the proceeds thereof. The trial court found that Mrs. Mabry was entitled to the proceeds of the annuity certificate on deposit with the Bank in the sum of $11,423.21, and rendered judgment accordingly. To reverse the judgment the administrator argues that the judgment is contrary to the evidence and the law.

As we understand the administrator's petition, he contends that when the court awarded the policy of insurance to Dr. Mabry, that the decree denied Mrs. Mabry any further interest therein, and that after the conversion of the annuity certificate into money, pending the appeal in the divorce action, in light of the letter agreement and the escrow agreement, that Mrs. Mabry was not entitled to the proceeds of the annuity certificate after Dr. Mabry's death. This contention fails to give adequate consideration to the terms of the insurance contract and the annuity certificate; that contract, as we have noted, provided that during Dr. Mabry's lifetime he should receive monthly payments, and upon his death any sum remaining unpaid as shown by the policy would be paid to the named beneficiary, or if no named beneficiary, to the assured's estate. Moreover, the assured had the privilege of changing the beneficiary as he might elect.

The defendant's answer discloses that the New York life insurance policy was a paid up policy; that under the terms thereof, if converted, Dr. Mabry was to receive the monthly payments during his lifetime, and that in the event of his death, within twenty years, the remaining balance under the policy should be paid according to its terms.

In the divorce action, Dr. Mabry, in response to questions propounded by his counsel, testified as follows:

"Q. That contract is fixed between you and the insurance company to pay that as long as you live? A. Yes, sir.

"Q. Now in reference to the value of the policy in the event you should die. A. The amount that has not been paid to me the remainder would go to Mrs. Mabry.

"Q. Before the $10,700.00 is finally paid out to you, if there is any remainder, then under the policy it would go to Mrs. Mabry. A. That is right;"

In the court's decree of April 7, 1947, and in the attempted nunc pro tunc decree of June 5, 1947, as well as in our decision in Mabry v. Baird, supra, it was said that the court set over to Dr. Mabry a paid up policy of life insurance on the life of the defendant, Dr. Mabry. Therefore, the administrator argues that the courts had before them and adjudicated not only the title and ownership of the insurance policy, but also the proceeds thereof after Dr. Mabry's death. We cannot subscribe to this contention for the reason that Dr. Mabry had a vested right in the contract of insurance and also the corollary right to change his beneficiary at will. This, he did not do. The court's decree vesting the certificate in Dr. Mabry did not attempt to make disposition of the proceeds of the policy in the event of his death. The administrator does not so contend, but argues that the decree of divorce by the use of the words "that plaintiff (Mrs. Mabry) should have no interest in the policy" bars her recovery. Clearly, the court could not and did not cancel out Mrs. Mabry as a beneficiary; nor did the court cancel out the junior named beneficiaries in the policy. The court did not, as indeed it could not, disturb the contractual rights and obligations as between the insurer and the insured on the one hand, and the obligations under the policy as between the insured and the beneficiary. Concededly, Mrs. Mabry had no interest in the policy during Dr. Mabry's lifetime, but, as the named beneficiary, she had a contingent right that accrued into a vested right upon the death of her former husband.

Neither are Mrs. Mabry's rights affected by the fact of death of her former husband. The general rule is stated in 29 Am.Jur., Insurance, § 1309, p. 977, as follows:

"In accordance with the general rule, hereinbefore noted, that a life insurance policy, originally valid, does not cease to be so by reason of the cessation of the insurable interest or relationship of the beneficiary in the meanwhile, the rule prevailing in many, but not all, jurisdictions is that in the absence of a policy provision to the contrary or regulation of the matter by statute, the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the proceeds thereof upon maturity of the policy, are in no way affected by the mere fact that the parties are divorced subsequent to issuance of the policy. This is likewise the rule although the beneficiary was identified in the designation made prior to the divorce as the 'wife' of the insured, and notwithstanding that one who sustained the relationship of legal wife to the insured by virtue of a marriage subsequent to the divorce was living at the time of his death."

The author of the text states that only the State of Texas entertains a contrary view. The decisions of this court follow the rule stated in the foregoing text. Pendleton v. Great Southern Life Ins. Co., 135 Okl. 40, 273 P. 1007.

The rights of the beneficiary in an insurance policy become vested upon the death of the assured. City National Bank of Lawton v. Lewis, 73 Okl. 329, 176 P. 237 and Carson v. Carson, 166 Okl. 161, 26 P.2d 738. Cases to the same effect are: Mayfield v. Fidelity & Casualty Co., 16 Cal.App.2d 611, 61 P.2d 83; Hergenrather v. State Mut. Life Assur. Co., 79 Ohio App. 116, 68 N.E.2d 833.

The Supreme Court of Kansas succinctly states the applicable rule in Tromp v. National Reserve Life Ins. Co., 143 Kan. 98, 53 P.2d 831, 836, as follows:

"It has been observed the plaintiff had no vested right in the policy. There was no occasion for the court, when determining the divorce matter, to make any order connected with the policy of insurance. It was nothing that had to be set off to the wife; it belonged to the husband and he had power under the policy to make such disposition of it, as, under its terms, he saw fit. He had reserved a right to change his beneficiary, and that he

could have done either before or after the divorce action."

A case upon comparable facts to the instant case is Andrews v. Andrews, 8 Cir., 97 F.2d 485. We need not search for the intent of Dr. Mabry, as his quoted evidence, supra, states that he wanted Mrs. Mabry to have any residue under the policy in the event of his death.

■ The administrator devotes much time and space to a discussion of a distinction between an insurance policy and an annuity policy or certificate citing various statutory provisions in support of that contention. It is true that there are distinguishing characteristics between a life insurance policy and an annuity policy or certificate, but in view of our statute that contention becomes academic, for under 36 O.S.1951 § 181, all insurance companies doing business in this state are expressly authorized to issue policies in the form and substance as here presented.

■ Lastly, the administrator contends that the former judgment in Mabry v. Baird, supra, is a bar to the present action on the theory of res judicata. That position is not tenable for two reasons: First, in the formal final order of judgment on April 7, 1947, in the case of Mabry v. Mabry, the action was between Mrs. Mabry on the one side and Dr. Mabry on the other. Here the action is between Mrs. Mabry, now Wainwright, on the one side and the administrator of the estate of Dr. Mabry on the other, who is not a defendant as the privy and successor in interest of Dr. Mabry in the former suit, but appears in a representative capacity under the will of Dr. Mabry, deceased, and, secondly, that appeal did not involve the same subject-matter involved in the present case. The cause of action relied upon here did not come into existence until thirty days after the judgment of divorce became final. That is, upon the death of Dr. Mabry. The proceeds of the insurance policy only became payable to the beneficiary in the event of his death.

■ Neither can estoppel be based upon the letter and escrow agreements. We have examined these instruments in detail,

and it is our conclusion that they were executed by the parties for the sole purpose of delivering the insurance papers to the insurance company, making proof of death, collecting the insurance and depositing the money in the bank until the ownership thereof was judicially determined. We find nothing in these papers so impalpable or nebulous as to warrant an extended discussion of their intent or purpose.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, and WILLIAMS, JJ., concur.