Delmon C. QUAID, Plaintiff in Error,

v.

Lora M. QUAID and Universal Life and Accident Insurance Company, Defendants in Error.

No. 37685.

Supreme Court of Oklahoma.

July 9, 1957.

Jerome Sullivan, Duncan, for plaintiff in error.

Wheeler, Parsons & Wheeler, Oklahoma City, for defendant in error, Lora M. Quaid.

Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendant in error, Universal Life and Accident Ins. Co.

DAVISON, Justice.

This action was commenced by plaintiff, Universal Life and Accident Insurance Company against defendants, Lora M. Quaid and Delmon C. Quaid, to restrain

and enjoin defendants from instituting any action against plaintiff for the recovery of the amount of two insurance policies and to have the court determine which of the defendants were entitled to the proceeds of said policies. The petition set out two causes of action. No appeal was taken from the judgment on the 2nd cause of action and it need not be discussed herein. The first cause of action involved Policy Number 27,806 in the amount of $1,000. The trial court held that defendant Lora M. Quaid was entitled to the proceeds from said policy and defendant, Delmon C. Quaid appeals.

Delmon C. Quaid will be referred to herein as plaintiff in error and Lora M. Quaid and Universal Life and Accident Insurance Company will be referred to as defendants in error. The insurance company is only interested as a stakeholder.

Policy Number 27,806 was issued to Lester Lee Quaid on April 9, 1948, at which time the defendant in error, Insurance Company was a Mutual Benefit Association. Defendant in error, Lora M. Quaid was the named beneficiary and was the wife of insured at the time the policy was issued. Deceased, insured, and said defendant in error were legally divorced on April 3, 1956. Insured died on May 5, 1956. The plaintiff in error, Delmon C. Quaid was the son of Lester Lee Quaid (by a former marriage) and was administrator of his estate.

The controversy herein is based primarily upon the interpretation of the Mutual Benefit Association Act (Tit. 36 O.S.1951 §§ 691 to 712). Two types of insurance were provided for therein, to-wit:

"1. Assessment Policies, where the insured pays assessments, monthly or from time to time, with the amount of assessments subject to being raised or lowered, according to the number of deaths or needs of the company to meet expenses.

"2. Level Rate Policies, which had fixed premiums payable monthly, quarterly, semi-annually or annually, and

which bound the company to pay a definite and fixed sum at the death of the insured to the named insured."

The first issue presented by this appeal is: Was the policy issued deceased an "Assessment Policy" or "Level Rate Policy?" In order to determine this question it is necessary to analyze the applicable statutes. Section 691 legalizes Mutual Benefit Associations. Section 692 sets out the procedure for forming Mutual Benefit Associations and their prerequisites for transacting business. Section 693 sets out the purpose of such associations, provisions for benefits, assessments and dues, and enumerates who may be beneficiaries of Mutual Benefit Policies. Section 694 lists the provisions applicable to Mutual Benefit Associations. It will be noted from reading these particular four sections that they deal, not with companies writing level rate insurance policies, but deal strictly with companies writing assessment policies.

Section 695 concerns a different phase of insurance. It authorizes a Mutual Benefit Association to issue a Level Rate Policy. This authorization was originally provided by the Laws of 1925, ch. 32, p. 45, sec. 5 containing subdivisions (a), (b) and (c). In 1939 said section was amended by adding subsections (d), (e), (f) and (g).

Plaintiff in error contends that Title 36 O.S.1951, § 693 is here applicable and limits the classes who may take the proceeds of Mutual Benefit Insurance as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood or marriage, children by legal adoption, to a person or persons dependent upon the member, or to his or her estate; * * *

"No beneficiary shall have or obtain any vested interest in any death benefit until the same has become due and payable upon the death of said member."

It is well settled law in this jurisdiction that in cases where the above quoted statute is applicable a divorced wife, who at the time of the death of insured under mutual benefit insurance, is not a member of the family, heir, blood relative, affianced

wife, or dependent upon the insured and cannot take the proceeds of such insurance though named therein as beneficiary. See Fitzgearld v. Fitzgearld, 176 Okl. 612, 56 P.2d 789 and Minton v. Minton, 170 Okl. 274, 39 P.2d 538. The above rule is particularly applicable to Mutual Benefit Assessment Insurance.

Defendant in error contends that the policy was not an "Assessment Policy" but was a "Level Rate Policy" and that subsection (f) of Title 36 O.S.1951 § 695 designates who may be beneficiary therein. Said subsection (f) is as follows:

"Any individual, person, corporation, association or partnership with an insurable interest in the life of the insured may be a beneficiary of insurance written on either the Level Rate or Legal Reserve plan by an association or company operating under this Article."

With this contention we agree. In an "Assessment Policy" the interest of the beneficiary vests at the death of the insured and therefore a beneficiary who is divorced from insured would not take the proceeds of the policy. In an "Level Rate Policy", as in the case at bar, the interest of the beneficiary vests at the time of the execution of the policy. The rule applicable to cases involving "Level Rate Policies" is,

"The fact that the beneficiary named in the policy at the time of the death of the insured had been divorced from the insured did not deprive the beneficiary of her rights under the policy." Pendleton v. Great Southern Life Ins. Co., 135 Okl. 40, 273 P. 1007, 1009.

The record shows that the policy herein sued upon provides for a definite and fixed premium of $2.50 monthly, $7.28 quarterly, $14.11 semi-annually, $27.01 annually, and, defendant in error's position is further strengthened by the fact that the Policy # 27,806 herein was designated on its face as a "Level Premium-Whole Life Policy."

Plaintiff in error further contends that even though defendant in error is authorized to take proceeds of insurance by

virtue of subsection (f) of Title 36 O.S. 1951 § 695 she is prevented from taking because said subsection (f) was an attempt to amend Title 36 O.S.1951 § 693 and is void, ineffective, and unconstitutional because of being in violation of Section 57, Art. 5 of the Oklahoma Constitution which provides as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

As can be seen by the summary of the applicable statutes, supra, the allegations of plaintiff in error, that subsection (f) is unconstitutional in that it amends Title 36 O.S.1951 § 693 is untenable. Plaintiff in error bases his contention that said subsection (f) is unconstitutional on the fact that there was nothing in the title of the act repealing Title 36 O.S.1951 § 693 and that said act did not re-enact and publish at length section 693. The 1939 amendment of Title 36 O.S.1951 § 695 did not purport or intend to amend section 693. As previously stated sections 691 to 694 of the statutes sets out the law applicable to "Assessment Policies." Section 695 deals with "Level Rate Policies", which is a different type of insurance.

The policy in the instant case was a "Level Premium-Whole Life Policy". Therefore, section 695 applied. The 1939 amendment did amend said section in accordance with the Constitution of the State of Oklahoma. It was re-enacted and pub-

lished at length just as the constitution says it must be done.

The judgment is affirmed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.