**DOBRY v. DOBRY FLOUR MILLS, Inc.**

No. 35927.

Supreme Court of Oklahoma.

May 4, 1954.

Fogg, Fogg & Fogg, El Reno, for plaintiff in error.

Porta & Weaver and Ralph A. Myers, Jr., El Reno, for defendant in error.

WELCH, Justice.

The plaintiff, according to his petition, was in the employment of the defendant corporation when a suit was filed against the plaintiff by another. In said suit the defendant herein was joined as a party defendant. The general manager of the defendant gave notice to this plaintiff that his employment was temporarily terminated and until the plaintiff herein obtained a dismissal of the said law suit. The employment was terminated the last of October, 1947. The plaintiff thereafter, in December, obtained a dismissal of the said law suit. The following day the plaintiff presented himself at the office of the defendant and was there informed that the defendant would not re-employ the plaintiff, and did not want the plaintiff at or about the office of the defendant. Thereafter the plaintiff discussed the matter of continuing his employment with the defendant, with the members of the board of directors. Immediately following this discussion the president of the defendant corporation insisted that plaintiff's employment be continued at a salary of $750 per month in the capacity of sales manager for the defendant, but the other two members of the board of directors refused to continue his employment, and demanded that the plaintiff submit a written letter of resignation to the defendant, which the plaintiff refused to do. As a result of this discussion a special meeting of the board of directors was held on December 18, 1947, at which time the board voted to give the plaintiff a salary allowance of $300 per month which was to begin November 1, 1947. Following this meeting the plaintiff was informed by two members of the board that it was the intent of the board to pay to the plaintiff the sum of $300 per month for so long as the plaintiff did not further attempt to resume his duties with the defendant; that in order to eliminate friction at the office of the defendant, and to eliminate the presence of the plaintiff from active duties and employment with the defendant, that so long as the plaintiff did refrain and desist from attempting to continue his employment with the defendant that said sum of $300 per month would be paid to the plaintiff.

The plaintiff averred that he has complied literally with the requirements made of him by the defendant from the 18th day of December, 1947.

The plaintiff further alleged that the defendant, in compliance with its agreement, did pay him the salary of $300 per

month until the 1st day of February, 1948; that at a special meeting of the board of directors held on February 2, 1948, the defendant voted to stop the payment to the plaintiff of said sum of $300 per month, and since February 1, 1948, the defendant has refused to pay to the plaintiff the sum of $300 per month notwithstanding that the plaintiff has faithfully carried out the terms and conditions of the understanding and agreement entered into between the plaintiff and the defendant through the defendant's board of directors on or about the 18th day of December, 1947.

The plaintiff averred that the defendant owes to the plaintiff the sum of $300 per month from the first day of February, 1948, to the time of the filing of his petition, or a total sum of $15,000. The plaintiff prayed for judgment in said sum.

The said petition was filed more than three years after February, 1948.

The defendant filed demurrer to the plaintiff's petition, stating therein that the allegations of the plaintiff's petition do not state a cause of action under the laws of the State, and further that the purported cause of action is barred by the statute of limitations.

The plaintiff appeals from an order and judgment of the court sustaining the demurrer to the plaintiff's petition and dismissing the plaintiff's action.

Argument for reversal is presented under two propositions stated in the plaintiff's brief as follows:

"1. The contract pleaded is in the nature of a continuing contract and the demurrer should not have been sustained if any part of the cause of action be not barred by the statute of limitations.

"2. The defense that the contract sued upon is an ultra vires contract under the laws of the State of Oklahoma cannot be raised by demurrer."

Under the allegation of the petition the plaintiff's asserted right to a recovery from the defendant rests on the existence of a contract between the parties.

It is essential to the existence of a contract that there should be sufficient cause or consideration. 15 O.S.1951 § 2.

In 15 O.S.1951 § 106 good consideration is defined as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

15 O.S.1951 § 107, provides:

"An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

The gist of the plaintiff's statement in petition is that the defendant discharged the plaintiff from his employment with the defendant and that the plaintiff made application for re-employment and was refused by the defendant, and that thereafter the defendant offered to pay to the plaintiff a stated sum per month for so long as the plaintiff would refrain and desist from attempting to continue his employment with the defendant; that the plaintiff has since continuously refrained from attempting to continue his employment with the defendant, and that the defendant has not paid to the plaintiff the certain stated monthly sum in accord with its offer.

There are no allegations in the plaintiff's petition from which it may be inferred that the plaintiff was wrongfully discharged by the defendant, or that the defendant was under moral or legal obligation to re-employ the plaintiff, or that the plaintiff had a lawful right to continue in the performance of the duties of an employee of the defendant after the defendant had discharged the plaintiff from its employment.

It follows that the plaintiff's acceptance of the defendant's offer or promise conferred no benefit upon the defendant to which the defendant otherwise was not

lawfully entitled, and that the plaintiff suffered no prejudice nor agreed to suffer any prejudice other than such as he at the time was lawfully bound to suffer.

██ Under the state of facts in pleading herein the offer and acceptance was extended and taken without an existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee. The transaction as shown by the petition was without sufficient cause or consideration as to create a valid and binding contract between the parties.

Under the facts in pleading we find that the defendant merely offered or tendered to the plaintiff a gratuity, and payable monthly, and that thereafter the defendant stopped the payments or withdrew its offer and that therein there was no transgression of any legal right of the plaintiff. Accordingly, we find that no cause of action was stated in the plaintiff's petition.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.