[Civ. No. 18428.   First Dist., Div. One.   Dec. 23, 1959.]

FIRST WESTERN BANK AND TRUST COMPANY (a Banking Corporation), as Special Administrator, etc., Respondent, v. JOHN P. OMIZZOLO, Appellant.

Robert E. Hatch for Appellant.

Charles F. Jonas for Respondent.

Harry S. Young and James Martin MacInnis, as Amici Curiae on behalf of Respondent.

BRAY, P. J.—In an action for declaratory relief, defendant appeals from a judgment declaring plaintiff as special administrator of the estate of Blanche C. Omizzolo, deceased, to 'be the rightful owner of cash benefits arising from membership by the decedent in the San Francisco City and County Employees' Retirement System.

## Questions Presented

1. May defendant claim any interest in such benefits because decedent did not change the designation of defendant as beneficiary, although defendant assigned all interests in said benefit to the decedent?

2. Was a letter written to decedent by her attorney shortly after the making of said assignment admissible?

## Record

Blanche C. Omizzolo was a member of said Retirement System from October 21, 1925, until her death in 1956. Originally she designated her mother as her beneficiary under the system. She married defendant in 1928, and in May, 1932, she formally substituted him as beneficiary. In November, 1946, Blanche and defendant executed a property settlement agreement which was made part of and approved in an interlocutory decree of divorce obtained by Blanche. A final judgment was entered November, 1947. Blanche did not change with the system the name of her listed beneficiary. Defendant remarried; Blanche did not. After Blanche's death defendant claimed the $10,496.29 retirement benefits payable on account of her death. Plaintiff administrator brought this action to determine their ownership. The system paid the money into court. The court found that the property settlement agreement was made with adequate consideration, entered into with a free will on both sides; that Blanche intended to divest defendant of all interest in the retirement funds, and that defendant by the property settlement agreement waived and relinquished all interest therein.

### 1. *Defendant Relinquished His Interest.*

The material clause of the property settlement agreement reads: "Said Husband agrees to and does hereby transfer, set over and assign and confirm to said Wife, as her sole and separate property and estate, all right, title and interest in and to all pension and retirement moneys and accumulations thereof growing out of or having to do with the work and employment of said Wife as a teacher in the School Department of the City and County of San Francisco, State of California."

Defendant's position is that plaintiff had the burden of proving that the designation of defendant with the system had become ineffectual, and that it failed so to do, as the effect of the agreement was not to change the beneficiary but

merely to dispense with the need thereafter of Blanche's obtaining defendant's consent to any change of beneficiary she might desire to make. Defendant relies primarily upon *Grimm* v. *Grimm* (1945), 26 Cal.2d 173 [157 P.2d 841], where a property settlement agreement made the husband's life insurance policy his separate property and gave him the right to change the beneficiary who at that time was the wife. He did not change the beneficiary. It was held that the agreement did not impair the legal effect of the designation of the beneficiary.

The court recognized the well settled principle that "general expressions or clauses in such [property settlement] agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other." (P. 176.) Thus the question in our case is whether it clearly appears in the agreement that defendant relinquished his right to the retirement benefits.

The decisions on the subject recognize that each case must be decided on its own facts and the particular terms of the agreement involved, and that the effect of a property settlement agreement upon rights that may accrue to a former spouse on the death of the other is essentially a factual question of the intention of the parties as embodied in the agreement. (*Thorp* v. *Randazzo* (1953), 41 Cal.2d 770, 774 [264 P.2d 38]; *Prudential Ins. Co.* v. *Broadhurst* (1958), 157 Cal. App.2d 375, 378 [321 P.2d 75].)

[1b] The decisions have ordinarily involved the contingent interests of beneficiaries under life insurance policies, but the principles evolved seem equally applicable to contingent interests arising upon death under an employee's retirement fund. In both instances, the beneficial interest is a mere expectancy dependent upon designation at the time of the insured's or employee's death. (See *Shaw* v. *Board of Administration* (1952), 109 Cal.App.2d 770, 774 [241 P.2d 635], and cases there cited.)

In *Sullivan* v. *Union Oil Co. of Calif.* (1940), 16 Cal.2d 229 [105 P.2d 922], the property settlement agreement purported, as in our case, to settle all property rights. One asset known to the parties was the husband's interest in a fund similar to the retirement fund here. Although the husband

did not remove his divorced wife's name as designated beneficiary to the benefit, the court held that the parties intended to settle *all* their property rights by the agreement. Our case is stronger in that respect, because defendant's interest in the retirement fund was specifically referred to in the agreement.

In the Sullivan case, *supra,* the property settlement agreement expressly provided that it was intended to settle the rights of the parties in all respects, that each party waived all rights to the estate of the other and that the property division was in full satisfaction of the wife's right to the community property. The agreement was held to terminate the wife's interest in an Employees' Provident Fund to which the husband contributed part of his wages and also any rights she might have as designated beneficiary of the fund. The wife had also waived any right of succession or inheritance with respect to the husband's remaining property and released him from any and all obligations to her which theretofore may have had existence for any reason whatever. In *Thorp* v. *Randazzo, supra,* 41 Cal.2d 770, and *Meherin* v. *Meherin* (1950), 99 Cal.App.2d 596 [222 P.2d 305], the property settlement agreements embodied similar clauses to that in the Sullivan case. The determinations of the trial courts that the parties intended under the agreements to terminate the wives' interests as beneficiaries of insurance policies, although remaining designated as such, were affirmed.

In order to determine what the parties had in mind as to the determination of the conclusiveness of the agreement concerning the retirement benefits and also to see how different the agreement was in *Grimm* v. *Grimm, supra,* 26 Cal.2d 173, particularly relied upon by defendant, from the one here, it is necessary to consider the clauses in the latter which either directly or indirectly affect the determination. Among other matters (the agreement is 17 pages long) the agreement provides that it is the intention of the parties "to forever and finally and fully settle and determine and adjust all of their respective property claims and rights, community or otherwise . . . and each and every right of either of the parties to otherwise or at all receive support and maintenance from the other party . . . and all other claims and demands and rights of every kind, character and description whatsoever growing out of or based upon the marriage relationship between the parties hereto, or the marriage of said parties, or the marital status of said parties, *or having to do with any other matter*

*or thing,* and all claims and rights and causes of action of every kind, character and description whatsoever of each of the parties hereto against the other, *or the estate of the other as heir at law, surviving spouse or otherwise* . . . and it is particularly understood and agreed that all earnings *and accumulations* by either of the parties hereto, hereafter acquired, shall be and constitute his, or her, sole and separate property and estate." (Emphasis added.)

It further provides that all property which the parties severally "now hold, or may acquire by virtue of or pursuant to this agreement, together with *any increment* thereon . . ." is the separate property of the one so holding or acquiring "free from any claim or claims of the other . . ." "Each of the parties hereto hereby waives each and every right or claim which he or she may have *to inherit by succession or will or otherwise,* from the other, or to participate in or administer the estate of the other . . ." (Emphasis added.)

"It Is Particularly Understood and Agreed that the intent of this agreement is that the parties hereto have fully, fairly and finally adjusted and settled all of their property rights between themselves, and that neither now has any right, title, claim or interest in or to the property or estate of the other, except as herein specifically set forth, and if any such right, title, claim or interest exists, the same is by mutual consent hereby forever discharged and waived . . ."

Taking the entire agreement and particularly the portions above set forth, it is difficult to conceive of any agreement more conclusive of the financial relations of the parties toward each other and indicating more clearly or definitely the intention of both that the property of each should be forever free from any possible claim of the other. Contrast this agreement with the one in the Grimm case, where the insurance policy in question was listed in a schedule of properties belonging to the parties. The only specific mention of it was as follows: husband " '. . . shall have the right to change the beneficiary of the life insurance policy . . . and . . . [wife] agrees to execute upon request any instrument necessary or convenient to accomplish such change and . . . [wife] hereby transfers, releases, and relinquishes to . . . [husband] all interest in and to said policy of insurance and the premiums paid thereunder and the avails thereof.' '' (P. 178.) The first portion of this clause, the court held, "indicates that there was no immediate change [of beneficiary] and that the wife would remain the beneficiary of the policy unless the husband exer-

cised his right to change the beneficiary.'' (P. 179.) In our agreement there is no such indication. In addition to all of the other general terms, the agreement states that the husband transfers to the wife ''as her sole and separate property and estate, all right, title and interest in and to all pension and retirement moneys and accumulations thereof . . .''—an immediate and complete grant. Although later in the agreement the wife agrees to execute ''all deeds, releases, assignments, receipts, acquittances and other instruments and every instrument that may be necessary or required to carry into effect the provisions, and each of them, of this agreement'' (§ XVIII) there is no indication, as in the agreement in the Grimm case, that the husband will remain the beneficiary. Another contrast with the agreement in the Grimm case is the clause in that case providing that the wife waived her rights of inheritance '' 'except in such manner and upon such terms as may be provided in any will and/or codicil . . .' '' (P. 179.) In our agreement defendant's waiver of any right to inherit or to any interest in the wife's estate is full and complete. In the Grimm case it is clear that the court, in interpreting the agreement, felt that as the wife's right to inherit by her husband's will was not cut off, it was only logical that her right to be a beneficiary under the insurance policy, unless the husband changed the beneficiary, was not cut off. The court, after referring to the provision limiting her right to inheritance except as provided in a will, said, ''Since the position of a beneficiary named in a life insurance policy as an object of the bounty of the insured is similar to that of a beneficiary of a will [citation], plaintiff no more relinquished the right to take as beneficiary of her husband's insurance policy than she relinquished the right to take as beneficiary of his will.'' (P. 179.) (No such situation exists in our case.) The court then stated: ''In this respect there is a clear distinction between the present case and *Sullivan* v. *Union Oil Co.*, 16 Cal.2d 229 [105 P.2d 922],'' and pointed out that in the Sullivan case the parties waived all right to the estate of the other and to inherit under any will of the other. So in our case the parties did likewise; they waived ''each and every right or claim which he or she may have to inherit *by succession or will or otherwise,* from the other . . .'' (§ XVI; emphasis added.) The Grimm case pointed out that the parties there ''contemplated no present renunciation by the husband of the wife as beneficiary, but left it to him to decide in the future whether or not to change the beneficiary.'' (P. 180.) This is not true

in our case where the parties, as was the situation in the Sullivan case, expressed in many ways their intention to completely terminate all rights of each in the property of the other and particularly intended that there be a present renunciation by defendant of any claim to the wife's retirement funds then or thereafter existing. The court in the Grimm case further distinguished the Sullivan case by pointing out that it "involved, not a contract with an insurance company, but an 'Employees' Provident Fund' maintained by the husband's employer, to which the husband contributed by monthly deductions from his salary. Under the facts of that case all interests of the wife in the fund were regarded as part of her interest in the community property and as such released in favor of her husband." (P. 180.) In this respect our case is identical with the Sullivan case except that it is the husband who has released in favor of the wife all interests in the community property represented by the wife's contributions to the fund maintained by the wife's employer.

In *Nichols* v. *Board of Retirement* (1953), 121 Cal.App.2d 176 [262 P.2d 862], the court held that the evidence supported the lower court finding that a wife did not by the terms of a property settlement agreement waive her rights to death benefits payable under the County Employees Retirement Law of 1937 (Gov. Code, § 31450 et seq.). The husband died without changing his wife as designated beneficiary. The agreement, differing from the one in our case, "made no specific mention of the benefits which had or might accrue under his rights of membership in the association . . ." (P. 177.) The court noted that statutory regulations governed changes of beneficiaries and that the agreement was drawn in more general terms and did not expressly consider the fund. The court distinguished the Sullivan case on the grounds that no statute concerning the designation of a beneficiary was involved and the agreement was more specific with the wife expressly releasing her interest in the fund. The court said further: "It should also be noted that in that case [Sullivan] the property in question was being considered by the parties, and all the pertinent facts were in their minds. The respective rights and the desired disposition of the fund were couched in more specific terms, and there the wife expressly released her interest in the fund" (p. 180)—the identical situation in our case.

In the instant case defendant does not assert that any general law compels payment to him as designated beneficiary,

or that the fund was unknown to the parties at the time the agreement was executed or that adequate consideration was lacking. On the other hand, the agreement provided that defendant expressly transferred and assigned to Blanche as her separate property all interest in pension and retirement moneys and accumulations arising out of her employment with the city and county of San Francisco.

The trial court's finding that it was the intention of the parties under the agreement to divest defendant of all interest, either present or potential, in Blanche's retirement funds is well supported.

## 2. *The Letter*.

At the conclusion of the divorce in 1946, Blanche's then attorney wrote her a letter in which he stated: "The money accumulated in the Retirement System on account of your service as a school teacher is also community property although, of course, the agreement provides that the same be made your sold [sic] and separate property and estate." Over defendant's objection that the letter was hearsay as to defendant, the letter was admitted in evidence. In denying defendant's motion for new trial the court stated "that it gave considerable weight" to this letter. Admittedly the letter was hearsay. Nevertheless it was admissible, not as proof of a fact, but as proof merely that a particular declaration was made, namely, that her attorney informed Blanche that by virtue of the agreement her interest in the retirement fund was her separate property from which information an inference well might be drawn that Blanche thought that no further act was necessary to divest defendant of any interest in the fund. Defendant stressed the fact that Blanche had made no change of beneficiary as evidence that she intended defendant to have the benefits on her death. Thus, the letter was admissible in rebuttal of defendant's contention. For this limited purpose the hearsay rule would not apply since it would not be offered to prove the truth of the matter stated. (See Witkin, California Evidence, § 205, p. 232.) In view of the court's statement that it gave considerable weight to the letter, it is doubtful if it was received for this limited purpose. However, if it was received without limitation, no prejudice resulted. As shown, it was admissible for the limited purpose, and while inadmissible for the general purpose of showing the truth of its statement, namely, that the retirement fund became Blanche's separate property, no harm was done as the court must have so found from the

terms of the agreement itself.  Moreover, under the authority of *Sullivan* v. *Union Oil Co. of Calif., supra,* 16 Cal.2d 229, and the other cases discussed, the reasonable interpretation of the agreement itself, without the aid of the letter, is that defendant relinquished all right to the retirement fund.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.