**David E. PEPPER, as the Administrator of the Estate of Denise Pepper, Deceased, Appellant,**

**v.**

**Kenneth L. PEACHER, Appellee.**

**No. 62361.**

Supreme Court of Oklahoma.

July 21, 1987.

Linn & Helms, by William J. Skepnek and Russell Cook, Oklahoma City, for appellant.

Short, Barnes, Wiggins, Margo & Adler, by F. Smith Barnes, Kevin Driskill, Cynthia L. Sparling, Oklahoma City, for appellee.

LAVENDER, Justice.

In June of 1974, Denise Ducharme married appellee Kenneth L. Peacher. During the course of the marriage to appellee, Denise was employed by the Putnam City school system and was a contributing member of the Oklahoma Teacher's Retirement System (OTRS). In March 1975, Denise designated appellee as beneficiary of the OTRS funds and designated her father as secondary beneficiary. Denise and appellee were subsequently divorced in December of 1977. In August 1980, Denise married appellant David E. Pepper. On August 9, 1982, Denise was killed in an automobile accident. She left no will, and, at the time of her death, had never changed the designation of beneficiary of the OTRS funds.

During the course of her employment with the Putnam City school system, Den-

ise had contributed $4,852.58 to the OTRS fund. On July 1, 1982, an amendment to 70 O.S. 1981 § 17–105 became effective providing a $18,000 death benefit upon the death of an in-service member of OTRS.[1]

Subsequent to the death of Denise, but before the appointment of appellant as administrator of her estate, appellant and appellee entered into an agreement by which appellee agreed to pay over the funds from OTRS to help defray funeral expenses. In return appellant agreed not to challenge appellee's right to receive the funds from OTRS. Upon receiving the funds totalling $22,852.58, appellee refused to pay the funds over to the estate claiming that appellant had concealed the death benefit at the time of the agreement. Appellant then brought this action as administrator of Denise's estate seeking to recover the OTRS funds.

Appellant urged three theories of recovery to support his action. The first urged was based upon the provisions of 84 O.S. 1981 § 114 which states:

> If, after making a will, the testator is divorced, all provisions in such will in favor of the testator's spouse so divorced are thereby revoked. Annulment of the testator's marriage shall have the same effect as a divorce. Provided, however, this section shall not apply if the decree of divorce or of annulment is vacated or if the testator remarries his former spouse.

Appellant argued that Denise's designation of beneficiary constituted a "will" within the contemplation of the cited provision, relying on this Court's pronouncements in *Miller v. First National Bank & Trust Co.*[2]

Appellant's second theory presented the argument that the divorce decree entered in 1977 divested appellee of any claim to the OTRS benefits. Appellant relied on the language of the decree providing that:

> The court further finds that any personal property not above listed should be the property of the party in whose possession it is in as of [the] date of this decree free of any claim of the other party.

The final theory of recovery was premised on the existence of the previously discussed agreement between appellant and appellee subsequent to Denise's death.

The trial court granted summary judgment for appellee as to appellant's first two theories, holding that the designation of beneficiary was not a will within the contemplation of 84 O.S. 1981 § 114, and that the divorce decree did not affect appellee's right to the OTRS funds as a designated beneficiary as opposed to any claim he could have asserted to the funds as marital property.

The third theory of recovery was disposed of by ruling on appellee's demurrer to appellant's opening statement following appellant's stipulation of facts which he would allege in that statement. The trial court held that its previous rulings on the motion for summary judgment determined that appellant had no legal basis for maintaining a claim to the OTRS funds and therefore his forbearance from contesting appellant's right to the funds did not provide consideration for the agreement. The court also held that a moral obligation arising out of the agreement was not enforceable.

On appeal, the Court of Appeals, Oklahoma City Divisions, affirmed the trial court's ruling on all three points in an order rendered in an accelerated docket proceeding. Appellant subsequently sought certiorari from this Court and we have previously granted the requested writ.

## I.

■ On certiorari appellant argues that the trial court and the Court of Appeals erred in holding that Denise's designation of beneficiary of the OTRS funds did not come within the operation of 84 O.S. 1981 § 114. Appellant has premised his argument here as well as in the courts below on

---

**1.** 1982 Okla.Sess.Laws, Ch. 329 § 4. Codified as 70 O.S.Supp. 1982 § 17–105(11).

**2.** 637 P.2d 75 (Okla.1981).

language used by this Court in *Miller v. First National Bank & Trust Co.*, where we stated: [3]

> While the language in § 114 refers to "Will" without specifically defining it, this Court has stated that an instrument may be too defective to be entitled to probate but if it is testamentary in character it is a will. It was further defined as "the instrument by which [a man] expresses his intention as to the disposition of his property at his death." A will is a declaration of what a person desires to be done after death. It is revocable during one's lifetime, inoperative until death, and applicable to the situation that exists at the time of death. (footnotes omitted)

Appellant argues that the designation of beneficiary meets the elements listed in *Miller* as defining a will. The designation is an expression of intention as to the disposition of those funds at the time of the OTRS member's death. It was revocable during Denise's lifetime and only went into operation at her death.

Taken as a literal application of the statement from *Miller*, appellant's argument possesses merit. However, we must reject this reasoning as it stretches the definition of "will" as applied to section 114 beyond the accepted meanings of the term.

In *Miller* and in the case of *Johnson v. Johnson*,[4] which was the Oklahoma case relied upon in *Miller* for the statement to the effect that an instrument need not meet the statutory requirements for probate to be considered a will, this Court dealt with instruments that were clearly intended to be wills. That is, the instruments in those cases were clearly written expressions of a person's wishes as to the disposition of their property to take effect after their death. In *Miller* we considered whether section 114 applied to a trust instrument incorporated by reference into a valid will. In *Johnson* we considered whether an instrument intended to be a will but lacking requisites for validity could be

validated through republication in a validly executed holographic codicil. Neither case is applicable here.

Appellant now asks us to enlarge the definition of the term "will" to cover instruments that are contractual in nature and that partake only secondarily of the nature of testamentary instruments. We do not think that the definition of will as offered in *Miller* and in *Johnson* may be so extended.

Denise, as part of her contract of employment with the Putnam City school system, received membership benefits with the OTRS. The primary function of the OTRS membership was to provide retirement benefits to the member. The question of the dispersion of accrued benefits on the premature death of a member was clearly a secondary consideration in the contractual agreement creating the membership. We decline to extend the definition of the term "will" to instruments with a primary purpose independent of the disposition of property or which, in their normal mode of operation, are intended to pass benefits directly to a named party outside of the operation of a will or the statutes governing intestacy.

■ Accordingly, we find that the trial court did not err in ruling that, as a matter of law, section 114 did not act to revoke the designation of appellee as beneficiary of Denise's OTRS funds.

## II.

■ The second argument presented by appellant on certiorari concerns the trial court's reliance on the case of *Baird v. Wainwright*,[5] for its holding that the divorce decree did not divest appellee of the right to receive the OTRS funds as beneficiary. Appellant acknowledges that *Baird* held that a divorce decree did not bar the former wife from taking as a beneficiary under the life insurance policy belonging to her ex-husband. Appellant, however, argues that *Baird* is distinguishable from the

---

3. 637 P.2d at 77.

4. 279 P.2d 928 (Okla.1954).

5. 260 P.2d 1060 (Okla.1953).

case at hand. We do not find appellant's arguments persuasive.

Appellant first argues that *Baird* is distinguishable on the basis that we are presently dealing with retirement benefits rather than a life insurance policy. We do not find this distinction to be significant. A life insurance policy is a contract between the insured and the insurer whereby the insured agrees to pay benefits to a named beneficiary pursuant to the contract. The retirement plan benefits here are also contractual in nature with the benefits system obligor agreeing to pay over benefits to the system member, or a designated beneficiary in case of premature death of the member, in accordance with contractual provisions. We see no reason to distinguish our treatment of a claim to funds as beneficiary of an insurance policy from a claim based on designation as beneficiary as recipient of retirement funds. In either case the contract runs between the party with the power to make the designation of beneficiary and the party having the obligation to pay over funds to the beneficiary. The beneficiary in each case has no more than an expectancy in the funds as long as there is no restriction on the right to change beneficiaries at will or with the consent of the obligor. In this case it was stipulated that Denise had the power to change her designation of beneficiary at any time.

We also note that other jurisdictions apply the same analysis to the operation of a divorce decree upon the right to take as beneficiary of either insurance or retirement benefit system funds.[6]

Secondly, appellant argues that *Baird* is distinguishable because the divorce decree in that case did not contain provisions which could be construed as addressing the disposition of the life insurance policy at issue there. Appellant also seeks to distinguish *Baird* on the basis that there was no evidence of hostility between the parties in connection with the divorce. We do not find merit in either aspect of this argument. We have examined the cases cited by appellant in support of the argument that specific provisions in a property settlement agreement may divest an ex-spouse of the right to take as a beneficiary of a contractual interest held by the other ex-spouse. The rule of these cases is that divorce decree provisions will not be construed as a renunciation of an expectancy unless it clearly appears that the agreement was intended to deprive the ex-spouse of such a right.[7] We do not find that the language relied on by appellant as indicating such an intended deprivation rises to the specificity necessary to imply a renunciation.[8]

The nature of the OTRS membership and the designation of beneficiary of OTRS benefits, as previously noted, is contractual. Here Denise was granted exclusive possession of the property rights in that contract by the divorce decree. One of those rights was the right to designate a beneficiary. Denise did not exercise her power to change the previous designation. We are thus faced with a contractual arrangement complete on its face. While other jurisdictions have found it proper to go beyond the face of the contract where there is a court entered judgment *specifically* in conflict with the terms of the contract, we do not find the materials presented by appellant here, in terms of the language of the divorce decree or of evidence of hostility between the parties, to be sufficient to justify such action.

Finally, appellant argues that reliance on *Baird* was misplaced because the enactment of 84 O.S. 1981 § 114 has subsequently made *Baird* ineffectual. As discussed in the preceeding portion of this opinion, we

---

6. See *Gallaher v. State Teachers' Retirement System*, 237 Cal.App.2d 510, 47 Cal.Rptr. 139 (1965); *First Western Bank and Trust Co. v. Omizzolo*, 176 Cal.App.2d 555, 1 Cal.Rptr. 758 (1959).

7. See *Life Ins. Co. of N. America v. Cassidy*, 35 Cal.3d 599, 200 Cal.Rptr. 28, 676 P.2d 1050 (1984); *Prudential Ins. Co. v. Weatherford*, 49 Or.App. 835, 621 P.2d 83 (1980).

8. Compare *Grimm v. Grimm*, 26 Cal.2d 173, 157 P.2d 841 (1945) with *Sullivan v. Union Oil Co. of Calif*, 16 Cal.2d 229, 105 P.2d 922 (1940).

do not find section 114 to be in conflict with *Baird.*

### III.

The third argument presented by appellant concerns the trial court's grant of a demurrer to appellant's opening statement concerning appellant's third asserted theory of recovery. Appellant based this theory on the agreement between he and appellee concerning the OTRS funds, in which appellant agreed not to interfere with appellee's receipt of those funds if appellee would turn the funds over to appellant for the use of Denise's estate after receipt.

The existence of the agreement is a matter of stipulation. The trial court, however, sustained appellee's demurrer to this theory of recovery on opening statement on the basis that the facts admitted in the opening statement established that the agreement was unenforceable. The trial court ruled that its earlier rulings on the two previous theories of recovery on summary judgment had established that appellant had no legal claim to the OTRS funds and that, therefore, his forbearance to assert a claim provided no consideration for the agreement. Secondly, the trial court, relying on *Dobry v. Dobry Flour Mills,*[9] held that a moral obligation arising from the agreement on the part of appellee was unenforceable.

■ We agree with appellant's assertion that there was error in the trial court's ruling. Although the reliance on *Dobry* is sound, this Court has previously held that, whether forbearance to press a claim furnishes adequate consideration to support an agreement depends upon the party agreeing to forbear having a reasonable belief in an at least questionable claim.[10] The trial court here held that the facts presented established that appellant's claim

to the OTRS funds was not reasonable. Although the record shows that appellant had not yet been appointed administrator at the time he agreed to forbear pressing the claim, it does not reflect that procedures had not been initiated to be so named. Once named administrator the appointment could have ratified appellant's actions back to the date of Denise's death.[11] The question then is whether Denise's estate could have maintained a reasonably doubtful claim to the OTRS funds. Although we agree with the trial court's determination that the definition of "will" as used in conjunction with 84 O.S. 1981 § 114 in *Miller v. First National Bank & Trust Co.*[12] cannot be extended to the OTRS designation of beneficiary, we cannot agree, as a matter of law, that a claim based on this argument was not at least reasonably doubtful prior to our decision here.[13] It would appear that the resolution of whether appellant had a reasonable belief in a reasonably doubtful claim must be resolved in this case as a question of fact.

### IV.

■ Appellant's final argument presented on certiorari asserts error in the trial court's treatment of the $18,000 death benefit as governed by the designation of beneficiary filed by Denise with the OTRS Board of Trustees. We find no merit in this proposition. The statutory provision, 70 O.S. Supp. 1982 § 17–105(11) clearly provides that this death benefit shall go to the designated beneficiary. Appellant here has failed to present either authority or persuasive argument to support his proposition that the death benefit should not be governed by the designation of beneficiary.

---

9. 270 P.2d 317 (Okla.1954).

10. *Agristor Credit Corp. v. Unruh,* 571 P.2d 1220 (Okla.1977); *State ex rel. Marland v. Phillips Petroleum Co.,* 189 Okla. 629, 118 P.2d 621 (1941).

11. See *D'Orazio v. Locust Lake Village, Inc.,* 267 Pa.Super.Ct. 124, 406 A.2d 550 (1979); 31 Am. Jur.2d *Executors and Administrators,* § 162.

12. Supra, note 2.

13. In view of the expressions in *Miller v. First National Bank & Trust Co.,* supra, quoted in this opinion in he discussion under Part I. *State ex rel. Marland v. Phillips,* supra note 10.

## V.

The opinion of the Court of Appeals, Oklahoma City Divisions, rendered in this matter is *VACATED*. The ruling of the trial court granting summary judgment as to the first and second theories of recovery advanced by appellant is *AFFIRMED*. The ruling of the trial court sustaining appellee's demurrer to appellant's opening statement is *REVERSED* and the cause is *REMANDED* for further proceedings.

DOOLIN, C.J., and SIMMS, WILSON and SUMMERS, JJ., concur.

HODGES and KAUGER, JJ., concur in Parts I and III; dissent to Parts II and IV.

HARGRAVE, V.C.J., and OPALA, J., dissent.

KAUGER, Justice, concurring in parts I and III and dissenting in parts II and IV.

I agree with the majority that the Oklahoma Teacher's Retirement System's (OTRS) designation of beneficiary does not meet the definition of a will as outlined in *Miller v. First Nat'l Bank & Trust Co.*, 637 P.2d 75, 77 (Okla.1981), thus bringing the designation within 84 O.S. 1981 § 114.[1] I also agree that the trial court erred in ruling as a matter of law that the appellant, Pepper, could not reasonably believe that his claim to the OTRS funds would prevail[2]—whether Pepper held a reason-able belief in a reasonably doubtful claim must be resolved by the trier of fact. However, I am troubled with the majority's determination that the contractual nature of the OTRS membership and the designation of beneficiary *a fortiori* prevents Pepper's recovery of the OTRS funds and death benefit.

There are two possible theories of recovery established by Oklahoma law: 1) The accompanying facts and circumstances coupled with the resulting inequity should the ex-husband, the appellee, be allowed to retain the benefits presents a proper case for the imposition of a resulting trust in favor of the deceased's estate and heirs. 2) The language of the divorce decree setting aside any personal property not enumerated in the decree to the party having possession at the time the decree was entered is sufficient to divest the appellant of any right of recovery of the OTRS benefits.

## I

### A PROPER CASE FOR IMPOSITION OF A RESULTING TRUST EXISTS, ABSENT A SHOWING OF FRAUD, WHERE IT MAY BE ASCERTAINED THAT SOME PERSON OR ENTITY OTHER THAN THE LEGAL OWNER WAS INTENDED TO ENJOY THE BENEFICIAL INTEREST

Trusts arise in Oklahoma in three instances: (1) by written instrument sub-

---

1. Title 84 O.S. 1981 § 114 provides:
   "If, after making a will, the testator is divorced, all provisions in such will in favor of the testator's spouse so divorced are thereby revoked. Annulment of the testator's marriage shall have the same effect as a divorce. Provided, however, this section shall not apply if the decree of divorce or of annulment is vacated or if the testator remarries his former spouse."
   Although inapplicable to the present case, it should be noted that passage of 15 O.S. § 178, currently pending, would alter the outcome of a subsequent case with similar facts even under the majority opinion. The proposed section provides:
   "A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements and other contracts designating a beneficiary of any right, property or money in the form of a death benefit),

the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked. Annulment of the marriage shall have the same affect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent."

2. All that is required for forbearance to press a claim to constitute adequate consideration for a valid contract is that the party forbearing have a reasonable belief that the claim is tenable. *Agristor Credit Corp. v. Unruh*, 571 P.2d 1220, 1223 (Okla.1977) and *State ex rel. Marland v. Phillips Petroleum Co.*, 189 Okl. 629, 118 P.2d 621, 628-30 (1941).

scribed by the grantor or his/her agent; (2) by an instrument under which a trustee claims an affected estate; and (3) by operation of law.[3] Of those trusts arising by implication of law, this Court has recognized constructive and resulting trusts.[4] Constructive trusts are imposed against one who by some form of unconscionable conduct has obtained or holds legal title to property which in equity and good conscience he/she ought not enjoy.[5] There have been no allegations of fraud or unconscionable conduct on the part of Peacher, making the imposition of a constructive trust inapplicable. However, a resulting trust is presumed to exist where it appears from the surrounding facts and circumstances that the beneficial interest is not intended to be enjoyed with legal title. In such cases, a showing of fraud on the part of the legal owner is not essential to establish a resulting trust.[6]

In the instant case, the undisputed facts are: that at the time of the decedent's and Peacher's divorce, there was considerable hostility between the couple; that the divorce decree contained language that all personal property not specifically enumerated would become the sole property of the party in whose possession it remained; that the OTRS fund was not listed in the decree but that the decedent owned the fund when the decree was entered; and that there was no contact between the decedent and Peacher from the date of the decree, a period of approximately four and one-half years before Denise Pepper's death.

Although intent is an essential element of a resulting trust, the intent need not be expressly stated;[7] it may be implied by the nature of the surrounding transactions or circumstances.[8] The undisputed facts and circumstances attending the present case support the contention that the deceased, Denise Pepper, intended that her former husband be divested of any beneficial interest in the OTRS benefits. Equity requires the imposition of a resulting trust. If a resulting trust were imposed, Peacher would remain the legal owner with the benefits of the OTRS fund accruing to the decedent's estate and lawful heirs. Failure to impose such a trust results in an incongruous situation—a person completely removed from Denise Pepper's life will benefit from her death.

## II

## LANGUAGE IN A DECREE OF DIVORCE SETTING ASIDE PERSONAL PROPERTY TO ITS POSSESSOR IS SUFFICIENT TO DIVEST A NONPOSSESSORY PARTY OF ANY INTEREST TO BENEFITS AS A DESIGNATED BENEFICIARY

Although this Court has not previously addressed the precise issue presented

---

3. Title 60 O.S. 1981 § 136 provides:

"No trust in relation to real property is valid, unless created or declared:
1. By a written instrument, subscribed by the grantor or by his agent thereto authorized by writing.
2. By the instrument under which the trustee claims the estate affected; or,
3. By operation of law."

4. *Cacy v. Cacy,* 619 P.2d 200, 202 (Okla.1980); *Jones v. Jones,* 459 P.2d 603–04 (Okla.1969); *Catron v. First Nat'l Bank & Trust Co. of Tulsa,* 434 P.2d 263, 268 (Okla.1967).

5. *Cacy v. Cacy,* see note 4, supra; *Jones v. Jones,* see note 4 at 605, supra; *Catron v. First Nat'l Bank & Trust Co. of Tulsa,* see note 4, supra.

6. *Jones v. Jones,* see note 4 at 605, supra; *Littlefield v. Roberts,* 448 P.2d 851, 856 (Okla.1969); *Catron v. First Nat'l Bank & Trust Co. of Tulsa,*

see note 4, supra; *Kunze v. Wilkerson,* 426 P.2d 340–41 (Okla.1967). Other courts recognizing resulting trusts as "intent-enforcing" trusts include: *Guynan v. Guynan,* 208 Neb. 775, 305 N.W.2d 882, 885–86 (1981); *In re Estate of Wilson,* 81 Ill.2d 349, 43 Ill.Dec. 23, 26, 410 N.E.2d 23, 26 (1980); *Leonard v. Counts,* 221 Va. 582, 272 S.E.2d 190, 194 (1980); *In re Marriage of Heinzman,* 198 Colo. 36, 596 P.2d 61, 63 (1979); *Biggerstaff v. Ostrand,* 199 Neb. 808, 261 N.W.2d 750, 754 (1978); *Edwards v. Woods,* 385 A.2d 780, 783–84 (D.C.1976); *Hocking v. Hocking,* 78 Ill.App.3d 29, 31 Ill.Dec. 451, 455, 394 N.E.2d 653, 657 (1979); *Bilovocki v. Marimberga,* 62 Ohio App.2d 169, 405 N.E.2d 337, 340 (1979); *Levin v. Levin,* 43 Md.App. 380, 405 A.2d 770, 775–76 (1979); *Lewis v. Boling,* 42 N.C.App. 597, 257 S.E.2d 486, 491 (1979); *Howell v. Fiore,* 210 So.2d 253, 255 (Fla.Dist.Ct.App.1968).

7. *Jones v. Jones,* see note 4, supra.

8. *Cacy v. Cacy,* see note 4, supra.

here—whether a divorce divests an ex-spouse named beneficiary of retirement or death benefits accruing after the decree—two cases have addressed the issue of whether a previous spouse named beneficiary in a life insurance policy is entitled to proceeds from the policy despite a divorce subsequent to the designation. In *Pendleton v. Great Southern Life Ins.*, 135 Okl. 40, 273 P. 1007–09 (1929), and *Baird v. Wainwright*, 260 P.2d 1060, 1063 (1953), this Court held that a subsequent divorce was insufficient to divest the prior spouse of proceeds of the life insurance policy if the insured spouse died after the decree without having changed the designated beneficiary.

Both cases are distinguishable. In *Pendleton*, the divorce decree did not set aside personal property to the spouse in possession of the property at the time the decree was entered as did this decree. In *Baird*, the divorce decree set over the life insurance policy to the husband but the Court had before it testimony of the deceased husband expressing his intent that his former-wife should benefit from any residue under the policy at his death. There is nothing in the divorce decree between the deceased and Peacher to indicate that Denise intended Peacher to benefit from the OTRS fund upon her death. The only intent expressed in the decree was that all personal property in Denise Peacher's possession was to remain her separate property. Additionally, all the surrounding circumstances, previously enumerated, demonstrate that her intention was to divest Peacher of any interest in any of her property including OTRS benefits.

In construing a settlement agreement in a divorce action, a court is bound to ascertain and give mutual effect to the intent of the parties at the time of the contract.[9] An agreement of the parties which may be reasonably construed as a relinquishment of the spouse's right to insurance may terminate the rights of the named beneficiary

to the proceeds of the policy.[10] Likewise, a divorce decree setting aside all personal property to the possessor operates to divest the nonpossessory spouse of retirement and death benefit funds not specifically disposed of in the decree. In addition to reversal on the issue of whether the appellant held a resonable belief in at least a tenable right of recovery, the trial court should also be reversed insofar as it ruled that *Baird* precluded a divestment of the appellee's rights to receive the OTRS funds and death benefits as a named beneficary.

9. *Hollaway v. Selvidge*, 219 Kan. 345, 548 P.2d 835, 839 (1976).

10. *Nunn v. Equitable Life Assurance Soc'y of the United States*, 272 N.W.2d 780, 783 (N.D.1978); *Hollaway v. Selvidge*, see note 9, supra; *Dudley v. Franklin Life Ins. Co.*, 250 Or. 51, 440 P.2d 363–64 (1968); *Sullivan v. Union Oil Co. of California*, 16 Cal.2d 229, 105 P.2d 922, 925–26 (1940).