In the Matter of the ESTATE OF Leonard Sherrill BRUNER, Deceased, and the Guardianship of the Person and Estate of Patrick Lynn Bruner, A minor.

Patrick Lynn BRUNER, Appellee,

v.

Patricia A. BRUNER, Appellant.

No. 79585.

Court of Appeals of Oklahoma, Division No. 1.

June 1, 1993.

Rehearing Denied July 20, 1993.

Certiorari Denied Nov. 1, 1993.

Steven R. Hickman, Frasier & Frasier, Tulsa, for appellant.

M.M. McDougal, McDougal and Kohler, P.C., Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Patricia A. Bruner, Appellant, appeals from the trial court's "Order Relating to Insurance Proceeds and Other Matters", in which certain property was awarded to Patrick Lynn Bruner, Appellee, as Personal Representative of the estate of Leonard S. Bruner (Decedent). The property at issue was the subject of a property division in the divorce proceedings of Appellant and Decedent. Appellee is their son, and although he was a minor at the time of the divorce, he had reached the age of majority

at the time the order on appeal was entered, and he had been appointed successor Personal Representative of his father's estate.

An "Order on Accounting and Surcharging Representative" was filed April 13, 1989. Later, Appellee filed an "Application to Set Hearing" on April 4, 1991, which led to the order on appeal. In the application, Appellee alleged that four matters [1] had not been resolved in the "Order on Accounting and Surcharging Representative". At the time of Decedent's death, Appellant was still listed as the primary beneficiary on Decedent's IRA account, his life insurance, and his pension plan. These funds were received by Appellant. Appellee requested the court to set the unfinished matters for hearing. A hearing was held September 20, 1991, at which time the trial court pronounced its ruling. However, the order was not filed until April 20, 1992. On September 8, 1992, the Supreme Court denied the motion to dismiss appeal filed by Appellee who contended the order on appeal was not a final order, and that the petition in error should have been filed thirty days after the pronouncement of judgment. The Supreme Court ruled that, although the pronouncement of the order at the hearing on September 20, 1991, was not complete, [because it did not specify the amount of money Appellant was ordered to pay to the estate] it became complete upon its filing on April 20, 1992. The Supreme Court ruled the petition in error was timely filed.

The trial court's order contains the following conclusion:

The Court concludes that the position taken by Patrick Lynn Bruner is correct; that the Agreement incorporated into the Decree constituted a new contract between Patricia A. Bruner and Leonard S. Bruner; that Patricia A. Bruner, under that new contract, gave up and assigned all of her rights, titles and interests, including future interests, in the insurance policies, the IRA account and the one-half of pension and profit sharing plan which are subject to this proceeding; that any funds she received therefrom, in excess of the amount of alimony due her under the Decree, were received and held by her in a constructive trust for the benefit of the Estate of Leonard S. Bruner, deceased; and that such funds should be paid by Patricia A. Bruner to the personal representative of the Estate of Leonard S. Bruner, deceased. The Court further concludes that the provisions of 15 O.S. § 178, the decision of the Tenth Circuit Court of Appeals in *Metropolitan Life Insurance Co. v. Hanslip*, 939 F.2d 904 (10th Cir.1991), the decision in *Whirlpool Corp. v. Ritter*, 929 F.2d 1318 (8th Cir.1991), and the decision in *Pepper v. Peacher*, 742 P.2d 21 (Okl.1987), are all inapplicable to this proceeding.

Appellant contends the trial court erred in ruling that she was not entitled to the monies paid pursuant to contracts under which she was designated as beneficiary. She argues that the law is clear she is entitled to retain the proceeds from the life insurance policy, the pension plan and the IRA as the beneficiary of each. She cites *Pepper v. Peacher*, 742 P.2d 21 (Okl.1987), in support of her position that a divorce does not vacate a beneficiary designation if the party with the power to change it does not do so, notwithstanding the fact that a divorce decree grants property rights to one of the parties.

---

**1.** The issues raised by Appellee in the application were:

1. The liability of Pat A. Bruner as the mother of the minor for any further child support and health expenses accruing from this time forth pursuant to statutes.

2. The issue of recoupment on behalf of the estate of the minor of approximately $81,-000.00 in life insurance proceeds received by Pat A. Bruner over and above monies necessary to fulfill the obligations of Leonard Sherrill Bruner for support alimony settlement pursuant to the Decree of Divorce entered in Bruner v. Bruner, Case No. JFD–86–5835.

3. The issue of recoupment by the minor's estate of one half the value of the pension plan awarded to Leonard Sherrill Bruner in the above-referenced divorce.

4. The issue of recoupment by the minor's estate of the IRA owned by Leonard Sherrill Bruner in the approximate value of $6,000.00, which IRA was awarded to Leonard Sherrill Bruner in the above-referenced divorce.

She also argues that 15 O.S.Supp.1987 § 178 [2], considered by the trial court, is inapplicable to this case because it became effective after Decedent's death, and that a retroactive application of § 178 would be an unconstitutional impairment of the contract. We agree. See *First National Bank and Trust v. Coppin*, 827 P.2d 180 (Okl.App.1992). With regard to the ERISA pension plan, 29 U.S.C. § 1001 et seq., she contends it is governed exclusively by federal law which controls the payout of benefits, irrespective of any contrary state law.

In response, Appellee contends the real issue before the trial court and on appeal is whether Appellant was individually and personally entitled to the proceeds of the contracts, or whether she was holding those proceeds under a constructive trust for the benefit of Decedent's estate.

The parties testified as to the terms of the property settlement agreement in the instant case. Appellant stated she believed the terms of the settlement were fair and equitable. She stated she understood that if the matter went to trial, she could receive more, or less, than under the agreement, and that she was still willing to accept the settlement as fair and equitable. Under the terms of the settlement, each party agreed to divide equally the pension and profit sharing plan containing $92,-774.00, giving each $46,372.00, and that each should receive his own IRA account.

■ In the case of *Pepper v. Peacher*, 742 P.2d 21 (Okl.1987), the Supreme Court addressed the question, as urged by the Appellant, of whether a property settlement agreement could divest an ex-spouse of his rights as a beneficiary under a contractual interest (teachers' retirement benefits) held by a deceased ex-spouse. The Court considered cases from other jurisdictions offered by the Appellant in support of his argument and stated, at page 25:

> The rule of these cases is that divorce decree provisions will not be construed as a renunciation of an expectancy unless it clearly appears that the agreement *was intended to deprive the ex-spouse of such a right.* We do not find that the language relied on by appellant as indicating such an intended deprivation rises to the specificity necessary to imply a renunciation. (Emphasis added) (Footnotes omitted).

In the present case, Appellant's testimony as to her acceptance of the settlement agreement was stated generally, as noted above, after recitation by the attorneys of the stipulated terms. The only specific reference in the transcript to limiting the life insurance proceeds to the amount of unpaid alimony was made by the attorneys:

> MR. FLIPPO: One other—um—Mr. Bruner will maintain a life insurance policy pertaining to the unpaid support alimony.

> MR. DRUMMOND: And he will modify that as leaving Mrs. Bruner the Plaintiff, as beneficiary as to the unpaid portion of alimony to be modified annually.

Appellant testified that the terms recited represented their agreement and that it was fair. However, she made no specific statement about the fact she understood her rights as a beneficiary to the life insurance proceeds were limited. Further, there

---

**2.** 15 O.S.Supp.1987 § 178(A) (later amended) provides:

A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements and other contracts designating a beneficiary of any right, property or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

. . . . .

D. This section shall apply to any contract of a decedent dying on or after November 1, 1987.

Section D was amended in 1989 as follows:

This section shall apply to any contract of a decedent made and entered into on or after November 1, 1987.

had been no modifications of the insurance policy by Decedent at the time of his death. Under the terms of the settlement agreement, Decedent was required to carry life insurance in an amount of not less than the amount of the unpaid alimony. The most he was required to carry at any point in time was $78,000.00, the amount of the support alimony award. However, he was not ordered *not* to carry a policy, designating Appellant as beneficiary, with a death benefit larger than his alimony obligation. He could have chosen to give her more under the policy. The law in effect at the time of the divorce decree did not provide for the automatic revocation of an ex-spouse as a primary beneficiary of a life insurance policy, as provided now under § 178. To change the benefits or the beneficiary at that time, Decedent would have been required to notify the insurance company, in writing, of such changes. It is undisputed Decedent did not do this before his death. We find the evidence fails to indicate Appellant effectively renunciated her expectancy under the property settlement agreement.

■ As to the proceeds of Decedent's IRA account and one-half of the pension and profit sharing plan, however, the evidence is different. As part of the agreement stated by the attorneys, to which both parties agreed under oath, a specific dollar figure was stated on the record which represented exactly one-half of the amount of the pension and profit sharing fund. Thus, we conclude, Appellant's agreement to receive only one-half of it was explicitly shown. The record also shows the agreement provided for each of them to receive his or her own IRA accounts. Again, their agreement was clear.

In *First National Bank & Trust v. Coppin*, supra, this Court stated the rule for the imposition of a constructive trust, citing *Barnsdall State Bank v. Springer*, 176 Okl. 479, 56 P.2d 390 (1936), at page 182:

Constructive trust assumes that one party ... has title to certain property ... that another ... has a better right to.

The trial court correctly held that Appellant received and held, in constructive trust for the benefit of Decedent's estate, the funds representing Decedent's IRA account and Decedent's one-half of the pension and profit sharing plan. Because of the property settlement agreement, Decedent's estate has a better right to these funds than does Appellant.

The trial court's order is reversed as to the award of life insurance proceeds to Decedent's estate and remanded with directions to enter judgment in accordance with the views expressed herein on that issue. In all other respects, the order is affirmed.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.

ADAMS, P.J., and JONES, J., concur.